UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,           13-cr-20371

v.                                 Honorable Victoria A. Roberts

DOREEN HENDRICKSON

       Defendant.

_____/

MOTION TO ALLOW SELF-REPRESENTATION WITH
THE ASSISTANCE OF STANDBY COUNSEL

      Defendant DOREEN HENDRICKSON and her counsel, ANDREW N. WISE, of the Federal Defender Office, move this Honorable Court to allow Ms. Hendrickson to represent herself and to allow Mr. Wise function as standby counsel. In support of this motion, Ms. Hendrickson submits an accompanying brief and further states:

      1)    Ms. Hendrickson is chargedin an Indictment with one count of criminal contempt in violation of 18 U.S. C. § 401(3).

      2)    On June 7, 2013, Ms. Hendrickson made her first appearance on the Indictment before Magistrate Judge Whalen. Judge Whalen appointed the Federal Defender Office to represent Ms. Hendrickson.

      3)    Ms. Hendrickson believes that it is in her best interest to represent herself

in this matter. She also believes that she would benefit from the assistance of standby counsel in this matter as she is untrained in the law and unfamiliar with the practices and procedures in a criminal case.

4) The Sixth Amendment to the United States Constitution provides a right to represent oneself in a criminal proceeding. *Faretta v. California*, 422 U.S. 806 (1973.)

5) The Court has the discretion to appoint standby counsel to assist a defendant in representing herself when the defendant requests help and to represent the defendant should it be necessary to terminate the self-representation. *Faretta,* 422 U.S. at 835 n. 46.

6) Pursuant to Local Rule 7.1(a), counsel has sought the concurrence of counsel for the government in this Motion. Counsel for the Government indicated that the do not oppose this Motion subject to the Court conducting a *Faretta* hearing to ensure the voluntariness of Ms. Hendrickson's waiver of the right to counsel.

For these reasons, Defendant Doreen Hendrickson respectfully requests that this Court schedule a *Faretta* hearing, and, after determining that Ms. Hendrickson has knowingly and voluntarily waived her right to the assistance of counsel, allow her to represent herself in this matter. She further requests that the Court allow the Federal Defender Office to continue to assist her in this matter as standby counsel.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**
LEGAL AID & DEFENDER ASSN., INC.
Attorneys for Defendant

s/ Andrew N. Wise
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: (313) 967-5830
E-mail: andrew_wise@fd.org
P 47003

Doreen Hendrickson

Date: June 28, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                13-cr-20371

v.                                    Honorable Victoria A. Roberts

DOREEN HENDRICKSON

       Defendant.

_____/

BRIEF IN SUPPORT OF MOTION TO ALLOW SELF-REPRESENTATION
WITH THE ASSISTANCE OF STANDBY COUNSEL

The Court should grant Ms. Hendrickson's request to represent herself and proceed with the aid of standby counsel. It is well-settled that a person accused of committing a crime has a Sixth Amendment right to the assistance of counsel. US Const. amend VI. The Supreme Court has recognized, however, that implicit in the Sixth Amendment protection is the accused's right to waive counsel and represent herself at trial. *Faretta v. California,* 422 U.S. 806, 819-21 (1975) (noting that the Sixth Amendment "grants to the accused personally the right to make his defense[,]" because "it is he who suffers the consequences if the defense fails.")[1]. By exercising

---

[1] The right to self representation has also long been protected by court rule and statute. *See generally,* 28 U.S.C. § 1654 (allowing parties to proceed *pro se* in federal courts); Fed. R. Crim. Proc. 44(a).

her constitutional right to present her own defense, a defendant necessarily waives the constitutional right to be represented by counsel. *Faretta,* 422 U.S. at 834; *United States v. Cromer,* 389 F.3d 662, 680 (6th Cir.2004); *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.1987) (observing that "[t]he right to defend *pro se* and the right to counsel have been aptly described as two faces of the same coin, in that waiver of one right constitutes a correlative assertion of the other."). The *Faretta* Court observed that, viewed properly, an attorney's primary role is to *assist* the accused in responding to criminal charges:

> . . . [C]ounsel, like the other defense tools guaranteed by the Amendment, shall be an aid to a willing defendant—not an organ of the State interposed between an unwilling defendant and his right to defend himself personally. To thrust counsel upon the accused, against his considered wish, thus violates the logic of the Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists.

*Id*. at 820. For a waiver of counsel to be effective under *Faretta*, the Court must first find that it was made knowingly and intelligently. *Id.* at 835. The Court does so by advising the defendant of the "dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.; See also, United States v. McDowell*, 814 F.2d 245, 250-252 (6th Cir.1987) (identifying a model list of questions designed to assess a defendant's familiarity with the law, understanding of the risks of self-representation, and

voluntary decision to proceed without the assistance of counsel); *Cromer,* 389 F.3d at 680 ("Substantial compliance with the list of questions will suffice."). Once self-representation begins, the Court must allow the accused to "control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984).

Self-representation notwithstanding, the *Faretta* Court specifically recognized that the appointment of standby counsel as an appropriate remedy in certain cases. *Id.* at 834, n.46 ("a State may—even over objection by the accused—appoint a standby counsel to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary.") (internal citations omitted). While there is no constitutional right to "hybrid" representation or standby counsel, the Sixth Circuit has recognized that it is within a trial court's discretion to allow a defendant to proceed in such a fashion. *United States v. Green,* 388 F.3d 918, 922-23 (6th Cir. 2004).

The Court should grant the request where, as here, the participation of standby counsel would lessen confusion during trial and assist the accused tremendously in the presentation of her defense. Ms. Hendrickson is not a lawyer by trade. She has no

3

formal legal training, and thus remains largely unfamiliar with the evidentiary and procedural rules governing federal criminal practice. While she has been a *pro se* litigant in a civil matter arising out of this district,[2] her experience in that suit provides no substitute for the skill required to defend against charges which have placed her liberty at stake. Put simply, while she unequivocally wishes to proceed in this matter *pro se*, Ms. Hendrickson also believes that the appointment of standby counsel will be the most effective way of protecting her interests. And, because appointing standby counsel will also aid in the efficient resolution of this case, the Court should do so to relieve itself "of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle v. Wiggins*, 465 U.S. at 184.

---

[2]*See, United States v. Hendrickson,* Case No. 06-11753, which forms the basis for the indictment issued against her in the matter pending before this Court.

For these reasons, Ms. Hendrickson respectfully asks this Court to hold a *Faretta* hearing, and upon finding that she has made a knowing and intelligent waiver of her right to counsel, grant the request for the appointment of the Federal Defender Office as standby counsel.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**
LEGAL AID & DEFENDER ASSN., INC.
Attorneys for Defendant

s/ Andrew N. Wise
613 Abbott St., 5th Floor
Detroit, MI 48226
Phone: (313) 967-5830
E-mail: andrew_wise@fd.org
P 47003

### CERTIFICATE OF SERVICE

I hereby certify that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to all counsel of record.
                              s/ Andrew N. Wise