UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                          NO. 13-cr-20371

v.

                          Honorable Victoria A. Roberts

D-1   DOREEN M. HENDRICKSON,

        Defendant.
_____/

## GOVERNMENT'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The United States of America, by and through undersigned counsel, files this amended response in opposition to the defendant's motion to dismiss the indictment. For the reasons discussed below, the government respectfully requests that the Court deny the defendant's motion.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF MOST APPROPRIATE AUTHORITY . . . . . . . . . . . . . . . . . . 3

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

*Cherokee Exp., Inc. v. Cherokee Exp., Inc.*, 924 F.2d 603, 607 (6th Cir. 1991) . . . .7

Fed. R. Crim. P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Maggio v. Zeitz*, 333 U.S. 56, 68–69 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Petition of Green*, 369 U.S. 689, 692 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) . . . . . . . . . . . . . . . . . . 3, 9

*United States v. Peter and Doreen Hendrickson*, No. 2:06-cv-11753-NGE. . . . passim

*United States v. United Mine Workers of America*, 330 U.S. 258, 294 (1947) . . 3, 5

*Walker v. City of Birmingham*, 388 U.S. 307, 315 (1967) . . . . . . . . . . . . . . . . . . . .6

## ISSUES

1. Whether the defendant in a contempt proceeding can challenge the underlying order allegedly violated.

2. Whether the defendant's jurisdictional arguments have already been addressed and rejected in the underlying proceedings.

3. Whether the Court can decide issues of fact in a motion to dismiss.

## STATEMENT OF MOST APPROPRIATE AUTHORITY

*United States v. United Mine Workers of America*, 330 U.S. 258, 294 (1947) is the most appropriate case for Issue 1. *United States v. Peter and Doreen Hendrickson*, No. 2:06-cv-11753-NGE, is the most appropriate case for Issue 2. *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) is the most appropriate case for Issue 3.

## BACKGROUND

On May 14, 2013, a federal grand jury returned an indictment that charged the defendant with one count of criminal contempt, in violation of 18 U.S.C. § 401(3). The indictment alleges that the defendant willfully disobeyed the May 2, 2007, Amended Judgment and Order of Permanent Injunction ("Amended

Judgment") issued by District Judge Nancy Edmunds of the U.S. District Court for the Eastern District of Michigan against the defendant in the case of *United States v. Peter and Doreen Hendrickson*, case number 2:06-cv-11753-NGE-RSW.

On June 28, 2013, the defendant filed a motion to dismiss the indictment.[1] Trial is scheduled to commence on August 20, 2013.

### ARGUMENT

Rule 12 of Federal Rules of Criminal Procedure permits a defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." *See* Fed. R. Crim. P. 12(b)(2).

In support of her motion to dismiss, the defendant argues that (1) the Amended Judgment was an unlawful order; (2) the district court lacked jurisdiction to issue the Amended Judgment; (3) compliance with the Amended Judgment was impossible; and (4) she did not violate the Amended Judgment. The defendant's first two arguments fail to support dismissal of the indictment because the district court had jurisdiction to issue the Amended Judgment and a contempt proceeding is not the proper forum to otherwise challenge the validity of the Amended

---

[1] The defendant did not seek the concurrence of the government prior to filing her motion. *See* Local Rule 7.1(a).

Judgment. The defendant's latter two arguments are questions of fact not appropriately adjudicated in a motion to dismiss.

### A. A Defendant in a Contempt Proceeding Generally Cannot Challenge the Underlying Order

A defendant generally is not permitted to challenge in a contempt proceeding the underlying order allegedly violated. *See United States v. United Mine Workers of America*, 330 U.S. 258, 294 (1947) ("It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished."). The Supreme Court explained the rationale behind this principle in *Maggio v. Zeitz*, 333 U.S. 56, 68–69 (1948):

> It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience. Every precaution should be taken that orders issue, in turnover as in other proceedings, only after legal grounds are shown and only when it appears that obedience is within the power of the party being coerced by the order. But when it has become final, disobedience cannot be justified by re-trying the issues as to whether the order should have issued in the first place.

Thus, the defendant's arguments challenging the validity of the Amended Judgment are not appropriately addressed by the Court. Whether the Amended Judgment unlawfully forces the defendant "to testify falsely," *see* Motion to Dismiss at 13, or is an "inherently and dangerously unlawful" violation of her constitutional rights, *see* Motion to Dismiss at 6, is beyond the Court's purview. Instead, such arguments should be (and have been) presented to District Judge Edmunds in the proceedings that led to the injunction. The Court should reject the defendant's improper attempts to use her criminal case to collaterally attack the Amended Judgment.

**B.     The Defendant's Jurisdictional Arguments Have Been Rejected Repeatedly by the District Court and the Sixth Circuit**

The narrow exception to the principle that the underlying court order cannot be challenged in a contempt proceeding is when the court issuing the underlying order lacked jurisdiction to do so. *See Petition of Green*, 369 U.S. 689, 692 (1962) (holding that the defendant was entitled to a hearing that the state court that issued an injunction was without jurisdiction to do so); *Walker v. City of Birmingham*, 388 U.S. 307, 315 (1967) (distinguishing *Petition of Green* while noting "that this is not a case where the injunction was transparently invalid or had only a frivolous

pretense to validity"); *see also Cherokee Exp., Inc. v. Cherokee Exp., Inc.*, 924 F.2d 603, 607 (6th Cir. 1991) (barring a collateral attack to the validity of the underlying judgment so long as the underlying court was of "competent jurisdiction"). The Court, however, should not entertain the defendant's jurisdictional arguments because the same arguments have already been presented and rejected in the underlying proceedings.

Here, the defendant unsuccessfully argued against jurisdiction prior to District Judge Edmunds issuing the Amended Judgment.[2] *See* No. 2:06-cv-11753, docket ##20, 21, 33 (district court orders). The defendant's "numerous challenges to the district court's jurisdiction and judgment" were similarly rejected on appeal by the U.S. Court of Appeals for the Sixth Circuit. *See id.*, docket #37 (*United States v. Peter and Doreen Hendrickson*, No. 07-1510, slip op. at 2–3 (6th Cir. June 12, 2008) (unpublished) (characterizing the defendant's arguments "as plainly baseless tax protester arguments" and "patently meritless")). The Sixth Circuit

---

[2] *See* No. 2:06-cv-11753, docket #4 (Defendants Motion to Dismiss for Lack of Jurisdiction [and Other Relief]); *id.*, docket #13 (Defendants' Reply to Plaintiff's Motion for Summary Judgment); *id.*, docket ##18, 19 (Defendants' Response[s] to the Magistrate's "Report and Recommendation"); *id.*, docket #26 (Motion for Relief From Judgment); *id.*, docket #27 (Defendants' Motion for Reconsideration).

also sanctioned the defendant and her husband in light of "the patent baselessness of the Hendricksons' assertions on appeal." *Id.* at 4. In 2009, the Supreme Court denied the petitions for certiorari and rehearing filed by the defendant and her husband. *See id.*, docket ##41 and 42.

Undeterred, the defendant continued to present the same arguments to the district court, which the district court again rejected.[3] *See id.*, docket ##67, 71, 88 (district court orders). The Sixth Circuit affirmed the district court's denial of the defendant's motions to vacate the judgment, noting that it had previously rejected many of the defendant's arguments. *See id.*, docket #91 (*United States v. Peter and Doreen Hendrickson*, No. 10-1824, slip op. at 3–5 (6th Cir. Nov. 22, 2011) (unpublished)).

The defendant now attempts to use a motion to dismiss to rehash the same jurisdictional arguments that have already been rejected repeatedly by the district

---

[3] *See* No. 2:06-cv-11753, docket #47 (Defendants' Response to Plaintiff's Motion to Compel Discovery); *id.*, docket #51 (Defendants' Response to Plaintiff's Motion to Compel Defendants to Render Dictated Testimony); *id.*, docket #56 (Defendant's Response to the Magistrate's "Report and Recommendation"); *id.*, docket #58 (Motion to Vacate Judgment); *id.*, docket #66 (Defendant's Response to Plaintiff's Second Motion to Hold Defendants in Contempt); *id.*, docket #69 (Motion for Reconsideration); *id.*, docket #82 (Motion to Vacate Judgment).

court and two different Sixth Circuit panels. Her meritless arguments should once again be denied.

### C.  Questions of Fact Cannot Be Decided in a Motion to Dismiss

The defendant lastly argues that she did not violate the injunction and that compliance with the injunction was impossible. Both arguments are questions of fact not appropriately adjudicated by a court in a motion to dismiss. *See, e.g., United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) ("A motion under Rule 12 is therefore appropriate when it raises questions of law rather than fact.").

### CONCLUSION

The government respectfully requests that the Court deny the defendant's motion to dismiss the indictment.

BARBARA L. McQUADE
UNITED STATES ATTORNEY

s/Jeffrey B. Bender (PA-207972)
s/Melissa S. Siskind
Tax Division Trial Attorneys
P.O. Box 972, Ben Franklin Station
Washington, DC 20044
Phone: 202-514-5150
E-Mail: melissa.s.siskind@usdoj.gov

Dated: July 12, 2013                E-Mail: jeffrey.b.bender@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Andrew N. Wise - Attorney for defendant Doreen Hendrickson

I hereby certify that on July 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and will mail a copy of such filing to the following:

Doreen Hendrickson - Defendant

s/Jeffrey B. Bender<br>
Tax Division Trial Attorney<br>
P.O. Box 972, Ben Franklin Station<br>
Washington, DC 20044<br>
Phone:  202-305-4077<br>
E-Mail: jeffrey.b.bender@usdoj.gov<br>
Bar No. PA-207972