31

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,  :

            Plaintiff,        :

                         :

        v.               :       Case No. 13-cr-20371

                         :

DOREEN HENDRICKSON,     :

                         :

            Defendant.      :            •

## MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTION TO DISMISS

On August 23, 2013, this Court denied, without a hearing, Defendant Doreen Hendrickson's Motion to Dismiss the charges against her of willfully violating lawful orders of a court. The Court expressed the conclusion that Mrs. Hendrickson's motion "challenges the Government's assertion that she willfully violated a legitimate court order," and "She also challenges the jurisdiction of the court which issued the underlying order." (Order Denying Motion, p. 1.) The Court went on to declare that "Underlying court orders cannot be challenged in a contempt proceeding unless the court which issued the underlying order lacked jurisdiction to issue the orders," and that such jurisdictional challenges in this case have been exhausted and are foreclosed  (Order, p. 2). Finally, the Court concluded that, "to the extent Hendrickson challenges the substance of the charge against her, she presents issues of fact which cannot be disposed of in her Rule 12...motion to dismiss." (Order, p. 3.)

The Court expressed no opinion as to the core issue involved in this case, and the core

challenge of Mrs. Hendrickson's motion. That core issue is whether ANY court-- Judge Edmunds' court, this Court or any other-- can Constitutionally have jurisdiction to be the instrument by which the government forcibly dictates to an American citizen what she must declare to be her belief, over her own signature and under oath or affirmation, and more, do so in the face of her objection, and despite her prior freely-made sworn declaration of her actual belief.

Mrs. Hendrickson respectfully asks the Court to reconsider that decision, under its authority to do so pursuant to LR 7.1(h). In the brief below, Mrs. Hendrickson offers facts, principles and precedents by which she hopes it will be made clear that the Court has been misled as to the true nature of the charges, as to the nature of Mrs. Hendrickson's challenges to the legitimacy of those charges and the jurisdictional issues involved in this case, as to the proposition that previous challenges to either that legitimacy or any relevant jurisdictional issues in other proceedings have ever actually been addressed or disposed of, and as to the relevant law. Concurrence was sought; the government attorney refused.

<div align="center"><b>Argument</b></div>

**1. Mrs. Hendrickson IS being ordered to declare a government-favored belief, and the orders of Judge Edmunds have no other aspect behind which this naked unconstitutional command can hide.**

It appears that the Court has been misled into imagining the orders involved in this case to be some version of lawful "discovery" orders, rather than the flatly unconstitutional dictations of government-serving speech that they really are. This is a misunderstanding that has afflicted all proceedings in the underlying case, a consequence of which is that no court in any proceedings in that case has addressed the actual jurisdictional issues involved.

2

Let this be plainly and unmistakably said at the outset: The orders Mrs. Hendrickson is charged with violating have nothing to do with enforcing the discovery or reporting of any fact.

At the time of issuing the orders involved in this case, Judge Edmunds had already judicially "found" all the facts she deemed relevant to the matter, including the amounts of Mrs. Hendrickson's earnings and even that those earnings are subject to the tax. (See Exhibit 1, the May 2, 2007 final ruling by Judge Edmunds.) Judge Edmunds made these findings despite there having been not a single hearing in the case, evidentiary or otherwise, despite her having no personal knowledge of anything related to the case, and without ever having laid eyes on Mrs. Hendrickson.

Her deficits of any basis notwithstanding, by virtue of her declared "findings", Judge Edmunds determined that for her part there was no need for any order to establish amounts, that the amounts were of "income", or to establish, discover or report any other factual element. The only thing missing-- the only thing that could be added by the creation of the amended returns ordered by Judge Edmunds-- was an expression of Mrs. Hendrickson's agreement with these "findings". **Thus the orders involved in this case have no purpose other than to coerce Mrs. Hendrickson into renouncing her own previously and freely-sworn declarations to the contrary and declaring her embrace of a government-favored, government-serving and government-dictated belief about the legal character of her earnings-- which also amounts to a coerced declaration of belief about the legal character of the "income" tax.**

Orders to this effect are plainly unconstitutional. They are unconstitutional *when issued*, and that unconstitutionality is not something tentative, to be discovered by trial later. *Indeed, it is*

3

*the very threat of the rigors, expense, stress and risks of trial-- at the hands of the very system that would issue and seek to enforce such orders-- that is meant to force the victim to violate her conscience for the government's benefit.* This makes any such trial-- whether based on the pretext that the victim must really believe what she has been unconstitutionally ordered to say she does, or any other contrivance-- itself an unconstitutional act and outside the jurisdiction of any court.

That the orders sought by the government and given to Mrs. Hendrickson had nothing to do with discovery, but are instead meant to force her expression of government-serving speech, was unambiguously acknowledged by the government as matters proceeded in this case.

In June of 2010, upon finally seeing Mrs. Hendrickson for the very first time, Judge Edmunds herself acknowledged the impropriety of her original orders by agreeing that Mrs. Hendrickson could append a disclaimer to the commanded false returns denying that the dictated instruments were her own and denying that their creation reflected a belief on her part that her earnings were relevant to the income tax. Mrs. Hendrickson then created the false returns as ordered.

However, within four months (in October of 2010) the government was back in Judge Edmunds' court objecting to these returns, and demanding that Mrs. Hendrickson re-do them-- not with different numbers, but merely with the removal of the qualifying disclaimer about her beliefs and her declarations that these forms, though appearing to be "amendments" of her previously filed, freely-made returns, were being produced under duress. *Clearly, the government's purpose here is forcing Mrs. Hendrickson to make a sworn (and fraudulently*

4

*voluntary-appearing) declaration that she believes her earnings are relevant to the tax.* This is

NOT a "discovery" matter. This is a "coerced testimony" matter.

Judge Edmunds compliantly rescinded some of the mitigating amendment to her orders

that she had just made four months earlier. She commanded Mrs. Hendrickson to re-create the

false "amending" returns without the disclaimer, declarations of duress or anything else that

"undermine[d] the verity of the returns", as Judge Edmunds put it in her new order of December

17, 2010.

Again, Mrs. Hendrickson produced the commanded false documents, this time

concurrently filing an affidavit with the court. Again she made no dispute of the amounts earned,

but only denied a belief that those amounts are relevant to the unapportioned income tax. See

Exhibit 2, the returns and affidavit filed by Mrs. Hendrickson with Judge Edmunds' court on

January 7, 2011.

Nonetheless, the government again moved Judge Edmunds' court to find Mrs.

Hendrickson in contempt, ***because the only thing the government wants from this case is to***

***force Mrs. Hendrickson to declare her embrace of its favored belief.***

In her reply to the government's response to her motion to dismiss, Mrs. Hendrickson

extensively quoted from a United States Supreme Court ruling of just three months ago-- its

latest of a never-compromised chain of rulings on this subject stretching back to the foundation

of the United States-- flatly declaring that orders such as those the government seeks to punish

Mrs. Hendrickson for resisting ARE UNCONSTITUIONAL:

"It is, however, a basic First Amendment principle that "**freedom of speech prohibits**

the government from telling people what they must say." *Rumsfeld* v. *Forum for Academic and Institutional Rights, Inc.*, 547 U. S. 47, 61 (2006) (citing *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 642 (1943), and *Wooley* v. *Maynard*, 430 U. S. 705, 717 (1977)). "At the heart of the First Amendment lies the principle that each person should decide for himself or herself the ideas and beliefs deserving of expression, consideration, and adherence." *Turner Broadcasting System, Inc.* v. *FCC*, 512 U. S. 622, 641 (1994); see *Knox* v. *Service Employees*, 567 U. S. ___, ___ – ___ (2012) (slip op., at 8–9) ("The government may not . . . compel the endorsement of ideas that it approves.").

"[W]e cannot improve upon what Justice Jackson wrote for the Court 70 years ago: "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein." *Barnette*, 319 U. S., at 642."

*Agency for Int'l Development v. Alliance for Open Society Int'l, Inc.*, 133 S. Ct. 2321 (2013) (Emphasis added.)

The court mentions no exceptions, <u>because there are no exceptions</u>. There are no exceptions even for something so close to the government's interest in maximizing its revenue as _____ _____ _____ _____ _____ income tax, or to overcome something so inconvenient to that interest as someone's legally-meaningful expression of a contrary belief.

_____ _____ _____ _____ _____ editorial arguing that the Constitution prohibits, and federal statutes do not provide-for, an unapportioned tax on earnings such as those of the writer's. *Likewise, and with like force*, the _____ _____ _____ _____ _____ under oath that she believes her earnings to be subject to the tax (and, not insignificantly, a legal

6

document by which her rights, property and claims are affected, and in contradiction of her previous, freely-made sworn execution of the same document declaring a contrary belief).

## 2. This Court's obligations under the Constitution are perpetual, all-embracing and imperative, and its own jurisdiction to proceed here-- or lack thereof-- must be considered in light of what it is being asked to do.

Just as no court can have jurisdiction to issue orders forcing someone to say something the government or the court would like her to say, no court has the latitude to sustain the enforcement of an order issued in conflict with the First Amendment. Any trial by which the government seeks to enforce an unconstitutional order is itself unconstitutional. Jurisdiction for trial can only arise as a matter of law:

> "[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."

*Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).

No law conveys authority over, or in regard to, anyone's beliefs or expressions thereof-- in fact any such law or authority is expressly prohibited, and this prohibition cannot be evaded by an invocation of "equity" or any other means.

> "[W]henever a provision of the Constitution is applicable, the duty to enforce it is all-embracing and imperative."

*Riverside and Dan River Cotton Mills v. Memefee*, 237 U.S. 189 (1915)

Thus, the issues of jurisdiction regarding these unlawful and void orders are properly before this Court.

No court that considered the underlying case has ever directly addressed-- whether on a

"jurisdictional" basis or any other-- the question of the lawfulness of ordering someone not to merely declare what she believes, but to declare that she believes what the government wishes her to say she believes. This Court has not done so, either.

Mrs. Hendrickson respectfully asks this Court to plainly declare that it is lawful for a court to order an American to declare that she believes what the government wishes her to say she believes (and to conceal that the "testimony" is coerced) on pain of trial for refusal, with the burden of defending that refusal. If not willing to make that plain declaration, this honorable Court should, indeed, must, dismiss the charges against Mrs. Hendrickson, which are based on the proposition that a court can lawfully make precisely that sort of order. Judgment involving such an order is void, and "[D]enying a motion to vacate a void judgment is a per se abuse of discretion." (*Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006); indeed, "[A] court must vacate any judgment entered in excess of its jurisdiction. (*Jordon v. Gilligan*, 500 F.2d

charging a willful refusal to obey a void judgment.

The orders involved in this case have no purpose other than to coerce Mrs. Hendrickson into renouncing her own previously and freely-sworn declarations to the contrary and declaring her embrace of a government-favored, government-serving and government-dictated belief about the legal character of her earnings-- which also amounts to a coerced declaration of belief about the legal character of the "income" tax.

Orders to this effect are plainly unconstitutional. They are unconstitutional *when issued*, and part and parcel of the unconstitutionality is the threat of the rigors, expense, stress and risks of trial. It is hard to imagine a core jurisdictional failing more profound and more perpetually-vulnerable to attack at all times and in any forum than the one here, nor one that could more plainly make dismissal the duty of this Court. Mrs. Hendrickson urges this honorable Court to reconsider its denial of her Motion to Dismiss.

Respectfully submitted this 6th day of September, 2013

Doreen Hendrickson, in propria personam
232 Oriole Rd.,
Commerce Twp., Mich. 48382
248-366-6858
doreen@losthorizons.com

Attached:

Exhibit 1, the May 2, 2007 final ruling by Judge Edmunds;
Exhibit 2, the returns and affidavit filed by Mrs. Hendrickson with Judge Edmunds'
court on January 7, 2011

# Index of Authorities

**Cases:**

*Agency for Int'l Development v. Alliance for Open Society Int'l, Inc.*, 570 U.S. ___ (2013)…......6

*Burrell v. Henderson, et al.*, 434 F.3d 826, 831 (6th CA 2006)…………………………………...8

*Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)................................................................7

*Jordon v. Gilligan*, 500 F.2d 701 (6th CA, 1974)....…………………………………………..8

*Riverside and Dan River Cotton Mills v. Memefee*, 237 U.S. 189 (1915)…………………......7

## CERTIFICATE OF SERVICE

I hereby certify that this day a true and correct copy of the foregoing **MOTION FOR**

**RECONSIDERATION** was served via U.S. first-class mail upon the following counsel:

> Jeffrey B. Bender
> U.S. Department of Justice
> Tax Division
> P. O. Box 972, Ben Franklin Station
> Washington DC, 20044

Dated: September 6, 2013

Doreen M. Hendrickson

# Exhibit 1

The May 2, 2007 final ruling by Judge Edmunds

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs.-

Civil Action No. 06-11753
Hon. Nancy G. Edmunds

PETER ERIC HENDRICKSON and
DOREEN M. HENDRICKSON,

Defendants.

_____/

## AMENDED JUDGMENT AND ORDER OF PERMANENT INJUNCTION [23, 24]

Upon consideration of Plaintiff's Motion to Amend Judgment, and any response

thereto, good cause appearing, it is hereby

ORDERED, that Plaintiff's Motion to Amend Judgment is GRANTED; and it is

ADJUDGED and ORDERED that Defendant Peter Hendrickson and Defendant Doreen

Hendrickson, (collectively, "Defendants") are jointly indebted to Plaintiff for erroneous

refunds for the 2002 and 2003 tax years as shown below:

### 2002 Tax Year

$10,152.96, plus interest accruing on the amounts of the erroneous refunds or

credits from April 15, 2003, pursuant to 26 U.S.C. §§ 6602 and 6621(a)(2) until paid.

### 2003 Tax Year

$7,055.70, plus interest accruing on the amounts of the erroneous refunds or

credits from April 15, 2004, pursuant to 26 U.S.C. §§ 6602 and 6621(a)(2) until paid.

$3,172.30, plus interest accruing on the amounts of the erroneous refunds or

credits from October 4, 2004, pursuant to 26 U.S.C. §§ 6602 and 6621(a)(2) until paid.

## PERMANENT INJUNCTION

In accordance with Rule 65 of the Federal Rules of Civil Procedure, the Court makes the following findings of fact and sets forth the following conclusions of law.

1.  Plaintiff commenced this action on April 12, 2006, to recover the federal income tax refunds made to Defendants for the 2002 and 2003 tax years, and to obtain a permanent injunction (1) requiring Defendants to amend their 2002 and 2003 federal income tax returns; and (2) prohibiting Defendants from filing or continuing to file federal income tax returns that falsely claim that they received "zero" or no taxable income.

2.  Defendants are residents of Commerce Township, Michigan, within this judicial district, and were properly served with process on April 12, 2006.

3.  During 2002 and 2003, Defendant Peter Hendrickson was employed by Personnel Management, Inc., and earned wages of $58,965 and $60,608, respectively, during those years.

### 2002 tax year

4.  As required by law, Defendant Peter Hendrickson's employer withheld federal income taxes ($5,642.20), social security taxes ($3,655.83) and Medicare taxes ($854.93) from his wages in 2002 and paid over those amounts to the IRS. Also, as required by law, Mr. Hendrickson's employer issued him a Form W-2 Wage and Tax Statement that correctly reported his wages and those withholdings.

5.  Defendant Doreen Hendrickson received $3,773.00 in non-employee compensation from Una E. Dworkin in 2002. As required by law, Dworkin provided her with a Form 1099 that correctly reported this non-employee compensation.

-2-

6. Defendants' 2002 Form 1040 tax return, which was filed with the IRS in August of 2003, falsely reported "zero" wages on line 7. An IRS Form 4852 attached to the return falsely reported that Defendant Peter Hendrickson received no wages during 2002. The Form 4852 did report that federal income taxes ($5,642.20), social security ($3,655.83) and Medicare taxes ($854.93) totaling $10,152.96 had been withheld from his wages during 2002.

7. Defendant Peter Hendrickson also claimed on his Form 4852 that he had asked his employer to "issue forms correctly listing payments of 'wages as defined in [sections] 3401(a) and 3121(a),' but that his company had refused for 'fear of IRS retaliation.'"

8. Defendants requested, on line 70 of their joint 2002 tax return, a refund of the $10,152.96 in federal income, social security, and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2002.

9. Because Defendants reported that they had no income, the IRS, unaware that Defendants' report was false, treated the withheld federal taxes as a tax overpayments and applied them on April 15, 2003 to (1) Defendant Doreen Hendrickson's unpaid 2000 tax liability ($1,699.86); and (2) the outstanding tax balances owed by Defendant Peter Hendrickson for 2001 ($6,521.11) and 2000 ($1,931.99).

10. The refunds or credits described above were erroneous within the meaning of IRC § 7405(b). Defendants were not entitled to refunds of federal income taxes for 2002 because their federal income tax liability for that year – $6,327.00 – exceeded the amount of the federal income taxes withheld from Defendant Peter Hendrickson's

-3-

wages by his employer ($5,642.20), which constituted the only tax payments made by
Defendants in 2002. Furthermore, Defendants were not entitled to a refund, under any
circumstances, of the social security and Medicare taxes that had been withheld from
Defendant Peter Hendrickson's wages during 2002.

### 2003 tax year

11. As required by law, Defendant Peter Hendrickson's employer withheld
federal income taxes ($5,620.02), social security taxes ($3,757.60) and Medicare taxes
($878.72) from his wages in 2003 and paid over those amounts to the IRS. Also, as
required by law, Mr. Hendrickson's employer issued him a Form W-2 Wage and Tax
Statement that correctly reported his wages and those withholdings.

12. Defendant Doreen Hendrickson received $3,188.00 in non-employee
compensation from Una E. Dworkin in 2003. As required by law, Dworkin provided her
with a Form 1099 that correctly reported this non-employee compensation.

13. Defendants' 2003 Form 1040 tax return falsely reported "zero" wages on
line 7. An IRS Form 4852 attached to the return reported that Defendant Peter
Hendrickson received no wages during 2003. The Form 4852 did report that federal
income taxes ($5,620.02), social security ($3,757.60) and Medicare taxes ($878.72)
totaling $10,256.34 had been withheld from his wages during 2003.

14. Defendant Peter Hendrickson also claimed on his Form 4852 that he had
asked his employer to "issue forms correctly listing payments of 'wages as defined in
[sections] 3401(a) and 3121(a),' but that his company had refused for 'fear of IRS
retaliation.'"

15. Defendants requested, on their joint 2003 tax return, a refund of the

-4-

$10,228.00 in federal income, social security, and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2003.

16.   Because Defendants reported that they had no income, the IRS, unaware that Defendant's report was false, treated the withheld federal taxes as tax overpayments and applied them on April 15, 2004 to (1) Defendant Peter Hendrickson's unpaid 2000 tax liability ($5,551.44); and (2) three frivolous return penalties that had been assessed against Defendants under IRC § 6702 ($515.66, $553.17 and $529.18). The IRS also sent a refund check sent to Defendants on October 10, 2004 in the amount of $3,172.30.

17.   The refunds or credits described above were erroneous within the meaning of IRC § 7405(b).  Defendants were not entitled to refunds of federal income taxes for 2003 because their federal income tax liability for that year – $6,061.00 – exceeded the amount of the federal income taxes withheld from Defendant Peter Hendrickson's wages by his employer ($5,620.02), which constituted the only tax payments made by Defendants in 2003.  Furthermore, Defendants were not entitled to a refund, under any circumstances, of the social security and Medicare taxes that had been withheld from Defendant Peter Hendrickson's wages during 2003.

18.   Defendants contend that their Forms 4852, as described above, accurately reported that they received no wages or other compensation in 2002 and 2003. Defendants base their contention on theories contained in a book entitled Cracking the Code, which was written by Defendant Peter Hendrickson. On page 76 of Cracking the Code ("CtC"), Defendant Peter Hendrickson, states "So, actually, withholding only applies to the pay of federal government workers, exactly as it always has (plus 'State'

government workers, since 1939, and those of the District of Columbia since 1921)."

19. Defendants' contention that withholding applies only to government workers is frivolous and false. *See, e.g., Sullivan v. United States,* 788 F.2d 813, 815 (1ˢᵗ Cir. 1986); *United States v. Latham,* 754 F.2d 747, 750 (7ᵗʰ Cir. 1985); (contention that "under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute."); *O'Connor v. United States,* 669 F. Supp. 317, 322 (D. Nev. 1987). Defendant Peter Hendrickson was an employee of Personnel Management, Inc. in 2002 and 2003 within the meaning of IRC § 3401(c). Defendant Peter Hendrickson's employer properly withheld federal income and employment taxes from his wages.

20. In addition to the monetary loss occasioned by the erroneous tax refunds that the IRS made to or on behalf of Defendants, their conduct in filing false tax returns caused substantial interference with the internal revenue laws by administratively burdening the IRS, requiring the agency to expend considerable resources to detect the erroneous refunds, examine Defendants' 2002 and 2003 Form 1040 tax returns, and obtain the documents necessary to prove that the refunds were erroneous.

21. In order to qualify for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, Plaintiff must establish (1) the likelihood of the government's success on merits; (2) whether the injunction will save Plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *See Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 n.3 (6ᵗʰ Cir. 1991); *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6ᵗʰ Cir. 1985).

22. Plaintiff has prevailed on the merits of its erroneous refund claims against

-6-

Defendants as reflected in the prior order adopting in part and rejecting in part the Magistrate Judge's Report and Recommendation with respect to Plaintiff's motion for summary judgment.

23. Defendants' actions impose an immediate and irreparable injury on Plaintiff by impeding, impairing and obstructing the assessment and collection of federal taxes in accordance with the internal revenue laws.

24. In the absence of an injunction, Plaintiff will continue to suffer irreparable injury as Defendants and those who imitate them continue to file false tax returns. Since Plaintiff has met all of the proper standards and the traditional equity criteria for the entry of a permanent injunction under IRC § 7402(a), a permanent injunction should issue.

25. Defendants will not be harmed by the entry of an injunction against them because they will only be required to obey the law, including the provisions of the Internal Revenue Code and the applicable Treasury Regulations.

26. Finally, the United States' system of taxation relies on self-assessment and the good faith and integrity of taxpayers to disclose completely and honestly all information relevant to their tax liability. The public interest will be accordingly be served by requiring Defendants to correctly report the income that they receive on their federal tax returns.

27. Accordingly, it is hereby

ORDERED, that Defendants are prohibited from filing any tax return, amended return, form (including, but not limited to Form 4852 ("Substitute for Form W-2 Wage and Tax Statement, etc.")) or other writing or paper with the IRS that is based on the

-7-

false and frivolous claims set forth in <u>Cracking the Code</u> that only federal, state or local government workers are liable for the payment of federal income tax or subject to the withholding of federal income, social security and Medicare taxes from their wages under the internal revenue laws (26 U.S.C.); and it is further

ORDERED, that within 30 days of the entry of this Amended Judgment and Order of Permanent Injunction, Defendants will file amended U.S. Individual Income Tax Returns for the taxable years ending on December 31, 2002 and December 31, 2003 with the Internal Revenue Service. The amended tax returns to be filed by Defendants shall include, in Defendants' gross income for the 2002 and 2003 taxable years, the amounts that Defendant Peter Hendrickson received from his former employer, Personnel Management, Inc., during 2002 and 2003, as well the amounts that Defendant Doreen Hendrickson received from Una E. Dworkin during 2002 and 2003.

SO ORDERED.

<div style="margin-left:45%">
s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge
</div>

Dated: May 2, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2007, by electronic and/or ordinary mail.

<div style="margin-left:45%">
s/Carol A. Hemeyer<br>
Case Manager
</div>

# Exhibit 2

Returns and affidavit filed by Mrs. Hendrickson with Judge Edmunds' court on
January 7, 2011

# 1040X

(Rev. January 2010)

Department of the Treasury—Internal Revenue Service
## Amended U.S. Individual Income Tax Return
▶ See separate instructions.

OMB No. 1545-0074

| Your first name and middle initial | Your last name | Your social security number |
|---|---|---|
| Doreen M | Hendrickson | 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 |

| If a joint return, your spouse's first name and middle initial | Your spouse's last name | Your spouse's social security number |
|---|---|---|

| Your current home address (number and street). If you have a P.O. box, see page 5 of the instructions. | Apt. no. | Your phone number |
|---|---|---|
| 232 Oriole St | | |

Your city, town or post office, state, and ZIP code. If you have a foreign address, see page 5 of instructions.

Commerce Twp, MI  48382

**All filers must complete lines A, B, and C.**

**A** Amended return filing status. You must check one box even if you are not changing your filing status. *Caution.* You cannot change your filing status from joint to separate returns after the due date.
☐ Single   ☐ Married filing jointly   ☒ Married filing separately
☐ Qualifying widow(er)   ☐ Head of household (if the qualifying person is a child but not your dependent, see page 5 of instructions.)

**B** This return is for calendar year ☐ 2009   ☐ 2008   ☐ 2007   ☐ 2006
Other year. Enter one: calendar year 2002  or fiscal year (month and year ended):

**C** Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

See Affidavit of Doreen Hendrickson filed 1/07/2011
in U.S. District Court Eastern District of Michigan
Case No. 2:06-CV-11753

| | **Income and Deductions** | | **Correct Amount** |
|---|---|---|---|
| 1 | Adjusted gross income (see page 6 of instructions). If net operating loss (NOL) carryback is included, check here ☐ | 1 | 3773— |
| 2 | Itemized deductions or standard deduction (see page 6 of instructions) . . . . . . . . | 2 | 3925— |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . | 3 | (152—) |
| 4 | Exemptions. If changing, complete the Exemptions section on the back and enter the amount from line 30 (see page 6 of instructions) . . . . . . . . . . . . . . . . . . | 4 | 3000— |
| 5 | Taxable income. Subtract line 4 from line 3 . . . . . . . . . . . . . . . . | 5 | (3152) |
| | **Tax Liability** | | |
| 6 | Tax (see page 7 of instructions). Enter method used to figure tax: | 6 | |
| 7 | Credits (see page 8 of instructions). If general business credit carryback is included, check here ☐ | 7 | |
| 8 | Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . . . . . . . | 8 | |
| 9 | Other taxes (see page 8 of instructions) . . . . . . . . . . . . . . . . . | 9 | |
| 10 | Total tax. Add lines 8 and 9 . . . . . . . . . . . . . . . . . . . . . | 10 | Ø |
| | **Payments** | | |
| 11 | Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (if changing, see page 8 of instructions) . . . . . . . . . . . . . . . . . . . . | 11 | |
| 12 | Estimated tax payments, including amount applied from prior year's return (see page 8 of instructions) | 12 | |
| 13 | Earned income credit (EIC) (see page 8 of instructions). . . . . . . . . . . . . | 13 | |
| 14 | Refundable credits from ☐ Schedule M or Form(s) ☐ 2439 ☐ 4136 ☐ 5405 ☐ 8801 ☐ 8812 ☐ 8863 ☐ 8885 or ☐ other (specify): | 14 | |
| 15 | Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed (see page 9 of instructions) . . . . . . . . | 15 | |
| 16 | Total payments. Add lines 11 through 15 . . . . . . . . . . . . . . . . . | 16 | Ø |
| | **Refund or Amount You Owe** (Note. Allow 8–12 weeks to process Form 1040X.) | | |
| 17 | Overpayment, if any, as shown on original return or as previously adjusted by the IRS (see page 9 of instructions) . . . . . . . . . . . . . . . . . . . . . . . | 17 | |
| 18 | Subtract line 17 from line 16 (if less than zero, see page 9 of instructions) . . . . . . | 18 | |
| 19 | Amount you owe. If line 10 is more than line 18, enter the difference (see page 9 of instructions) . . | 19 | Ø |
| 20 | If line 10 is less than line 18, enter the difference. This is the amount overpaid on this return . . . . | 20 | |
| 21 | Amount of line 20 you want refunded to you . . . . . . . . . . . . . . . . | 21 | |
| 22 | Amount of line 20 you want applied to your (enter year):         estimated tax 22 | | |

**Complete and sign this form on Page 2.**

For Paperwork Reduction Act Notice, see page 11 of instructions.       Cat. No. 11360L       Form **1040X** (Rev. 01-2010)

Form 1040X (Rev. 01-2010)                                                                                       Page **2**

## Exemptions

Complete this part **only** if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by Hurricane Katrina or a Midwestern disaster.

See *Form 1040 or Form 1040A instructions and page 10 of Form 1040X instructions.*

| | | | Correct Number or Amount |
|---|---|---|---|
| 23 | Yourself and spouse. **Caution.** *If someone can claim you as a dependent, you cannot claim an exemption for yourself* | 23 | |
| 24 | Your dependent children who lived with you . . . . . . . . . . . . . . | 24 | |
| 25 | Your dependent children who did not live with you due to divorce or separation . . . . . . . | 25 | |
| 26 | Other dependents . . . . . . . . . . . . . . . . . . . . | 26 | |
| 27 | Total number of exemptions. Add lines 23 through 26 . . . . . . . . . . . | 27 | |
| 28 | Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending (see page 10 of instructions) . . . . . . | 28 | |
| 29 | If you are claiming an exemption amount for housing individuals displaced by Hurricane Katrina, enter the amount from Form 8914, line 6 for 2006. If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 2 for 2008, or line 6 for 2009 | 29 | |
| 30 | Add lines 28 and 29. Enter the result here and on line 4 on page 1 of this form . . . . . . . . | 30 | |

31 List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see page 10 instructions.

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see page 10 of instructions) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

## Presidential Election Campaign Fund

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.
☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

## Checklist

Before mailing this form, remember to
☐ Complete name, address, and social security number
☐ Complete lines A, B, and C on page 1
☐ Complete lines 1 through 22 on page 1
☐ Complete lines 23 through 31 on page 2, if required
☐ Attach any supporting documents and new or changed forms and schedules
☐ Sign and date this form

# Sign Here

Remember to keep a copy of this form for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ *Donn M W*          1/7/10  ▶ _____
Your signature          Date          Spouse's signature. If a joint return, both must sign.          Date

**Paid Preparer's Use Only**

▶ _____
Preparer's signature          Date          _____

          Firm's name (or yours if self-employed), address, and ZIP code

☐ Check if self-employed

_____          _____
Preparer's SSN or PTIN          Phone number          EIN

For forms and publications, visit IRS on the Web at *www.irs.gov.*          Form **1040X** (Rev. 01-2010)

# 1040X

(Rev. January 2010)

Department of the Treasury—Internal Revenue Service

## Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0074

| Your first name and middle initial | Your last name | Your social security number |
|---|---|---|
| Doreen M | Hendrickson | 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 |

| If a joint return, your spouse's first name and middle initial | Your spouse's last name | Your spouse's social security number |
|---|---|---|

Your current home address (number and street). If you have a P.O. box, see page 5 of the instructions.
**232 Oriole St**

Apt. no.

Your phone number

Your city, town or post office, state, and ZIP code. If you have a foreign address, see page 5 of instructions.
**Commerce Twp, MI   48382**

**All filers must complete lines A, B, and C.**

**A**  Amended return filing status. You must check one box even if you are not changing your filing status. *Caution. You cannot change your filing status from joint to separate returns after the due date.*

☐ Single    ☐ Married filing jointly    ☒ Married filing separately
☐ Qualifying widow(er)    ☐ Head of household (If the qualifying person is a child but not your dependent, see page 5 of instructions.)

**B**  This return is for calendar year ☐ 2009  ☐ 2008  ☐ 2007  ☐ 2006
Other year. Enter one: calendar year **2003**   or fiscal year (month and year ended):

**C**  Explanation of changes. In the space provided below, tell us why you are filing Form 1040X.

See Affidavit of Doreen Hendrickson filed 1/07/2011
in U.S. District Court Eastern District of Michigan
Case No. 2:06-CV-11753

| Income and Deductions | | Correct Amount |
|---|---|---|
| 1  Adjusted gross income (see page 6 of instructions). If net operating loss (NOL) carryback is included, check here ☐ | 1 | 3188.50 |
| 2  Itemized deductions or standard deduction (see page 6 of instructions) . . . . . . . . . | 2 | 4750— |
| 3  Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . . | 3 | (1561.50) |
| 4  Exemptions. If changing, complete the Exemptions section on the back and enter the amount from line 30 (see page 6 of instructions) . . . . . . . . . . . . . . . . | 4 | 3050— |
| 5  Taxable income. Subtract line 4 from line 3 . . . . . . . . . . . . . . . . | 5 | (4611.50) |
| **Tax Liability** | | |
| 6  Tax (see page 7 of instructions). Enter method used to figure tax: | 6 | |
| 7  Credits (see page 8 of instructions). If general business credit carryback is included, check here ☐ | 7 | |
| 8  Subtract line 7 from line 6. If the result is zero or less, enter -0- . . . . . . . . . | 8 | |
| 9  Other taxes (see page 8 of instructions) . . . . . . . . . . . . . . . . | 9 | |
| 10  Total tax. Add lines 8 and 9 . . . . . . . . . . . . . . . . . . . . | 10 | ∅ |
| **Payments** | | |
| 11  Federal income tax withheld and excess social security and tier 1 RRTA tax withheld (If changing, see page 8 of instructions) . . . . . . . . . . . . . . . . | 11 | |
| 12  Estimated tax payments, including amount applied from prior year's return (see page 8 of instructions) | 12 | |
| 13  Earned income credit (EIC) (see page 8 of instructions) . . . . . . . . . . . | 13 | |
| 14  Refundable credits from ☐ Schedule M or Form(s) ☐ 2439  ☐ 4136  ☐ 5405  ☐ 8801  ☐ 8812 ☐ 8863  ☐ 8885 or ☐ other (specify): | 14 | |
| 15  Total amount paid with request for extension of time to file, tax paid with original return, and additional tax paid after return was filed (see page 9 of instructions) . . . . . . . | 15 | |
| 16  Total payments. Add lines 11 through 15 . . . . . . . . . . . . . . . . | 16 | ∅ |
| **Refund or Amount You Owe** *(Note. Allow 8-12 weeks to process Form 1040X.)* | | |
| 17  Overpayment, if any, as shown on original return or as previously adjusted by the IRS (see page 9 of instructions) . . . . . . . . . . . . . . . . . . . . | 17 | |
| 18  Subtract line 17 from line 16 (If less than zero, see page 9 of instructions) . . . . . . | 18 | |
| 19  Amount you owe. If line 10 is more than line 18, enter the difference (see page 9 of instructions) . . | 19 | ∅ |
| 20  If line 10 is less than line 18, enter the difference. This is the amount overpaid on this return . . . . | 20 | |
| 21  Amount of line 20 you want refunded to you . . . . . . . . . . . . . . . | 21 | |
| 22  Amount of line 20 you want applied to your  (enter year):          estimated tax | 22 | |

Complete and sign this form on Page 2.

For Paperwork Reduction Act Notice, see page 11 of instructions.

Cat. No. 11360L

Form **1040X** (Rev. 01-2010)

1040X (Rev. 01-2010)                                                                      Page **2**

## Exemptions

Complete this part only if you are:

- Increasing or decreasing the number of exemptions (personal and dependents) claimed on line 6d of the return you are amending, or
- Increasing or decreasing the exemption amount for housing individuals displaced by Hurricane Katrina or a Midwestern disaster.

See Form 1040 or Form 1040A instructions and page 10 of Form 1040X instructions.

| | | | Correct Number or Amount |
|---|---|---|---|
| 23 | Yourself and spouse. **Caution.** *If someone can claim you as a dependent, you cannot claim an exemption for yourself* | 23 | |
| 24 | Your dependent children who lived with you . . . . . . . . . . . . . . . | 24 | |
| 25 | Your dependent children who did not live with you due to divorce or separation . . . . . . . | 25 | |
| 26 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . | 26 | |
| 27 | Total number of exemptions. Add lines 23 through 26 . . . . . . . . . . . . | 27 | |
| 28 | Multiply the number of exemptions claimed on line 27 by the exemption amount shown in the instructions for line 28 for the year you are amending (see page 10 of instructions) . . . . . . | 28 | |
| 29 | If you are claiming an exemption amount for housing individuals displaced by Hurricane Katrina, enter the amount from Form 8914, line 6 for 2006. If you are claiming an exemption amount for housing individuals displaced by a Midwestern disaster, enter the amount from Form 8914, line 2 for 2008, or line 6 for 2009 | 29 | |
| 30 | Add lines 28 and 29. Enter the result here and on line 4 on page 1 of this form . . . . . . . . | 30 | |

31  List ALL dependents (children and others) claimed on this amended return. If more than 4 dependents, see page 10 instructions.

| (a) First name        Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check box if qualifying child for child tax credit (see page 10 of instructions) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

**Presidential Election Campaign Fund**

Checking below will not increase your tax or reduce your refund.

☐ Check here if you did not previously want $3 to go to the fund, but now do.
☐ Check here if this is a joint return and your spouse did not previously want $3 to go to the fund, but now does.

**Checklist**

Before mailing this form, remember to

☐ Complete name, address, and social security number
☐ Complete lines A, B, and C on page 1
☐ Complete lines 1 through 22 on page 1
☐ Complete lines 23 through 31 on page 2, if required
☐ Attach any supporting documents and new or changed forms and schedules
☐ Sign and date this form

# Sign Here

**Remember to keep a copy of this form for your records.**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information about which the preparer has any knowledge.

▶ *Doru M W A*                    1/7/10    ▶ _____
Your signature                    Date            Spouse's signature. If a joint return, both must sign.        Date

**Paid Preparer's Use Only**

▶ _____
Preparer's signature                    Date

_____
Firm's name (or yours if self-employed), address, and ZIP code

☐ Check if self-employed

_____        _____        _____
Preparer's SSN or PTIN                  Phone number                  EIN

For forms and publications, visit IRS on the Web at *www.irs.gov.*                  Form **1040X** (Rev. 01-2010)

25

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 2:06-CV-11753** |
| **PETER ERIC HENDRICKSON and** | § | **Judge Nancy G. Edmunds** |
| **DOREEN M. HENDRICKSON,** | § | |
| | § | |
| **Defendants.** | § | |



## AFFIDAVIT OF DOREEN HENDRICKSON

Pursuant to the Order of the Court filed December 17, 2010 (Docket #83), I, Doreen M. Hendrickson, submit the following affidavit, prepared concurrently with and appended to the returns that are the subject of that order.

1.    I am a defendant in the above-captioned matter, appearing *pro se*.

2.    I affirm these matters to be true of my personal knowledge and, if called to do so, could and would competently testify thereto.

3.    Judge Nancy Edmunds of this Court issued orders on May 2, 2010 and June 10, 2010 and again on December 17, 2010 that my husband, Peter E. Hendrickson, and I prepare and "file" returns that "amend" the original returns for 2002 and 2003 that we filed on August 14, 2003 and April 8, 2004, respectively, and which were duly processed by the IRS.

4.      We signed jurats on those original returns because we believed them to be true, correct and complete to the best of our knowledge on the date of signing.

5.      I affirm that the numbers we reported on those returns are correct, that those returns remain true, correct and complete as to our testimony regarding the extent of any privileged or taxable activities for those years, and that they are not in need of any amendment. We have no need or desire to amend them and would not do so unless coerced or under duress.

6.      True and correct copies of IRS Official Certificates of Assessment, attached as Exhibit A hereto, show we have no tax indebtedness to the U.S. government for tax years 2002 and 2003. These certificates show the dates when our original returns were filed and our overpayments credited.

7.      Judge Edmunds has ordered us to adopt and assert, without rebuttal or objection, amounts reported on W-2s and 1099s by third party payers that we already corrected in rebutting instruments in our original returns, and to refrain from reporting any income figures from our own personal knowledge that differ from those erroneous third-party assertions.

8.      Judge Edmunds has threatened that if we do not prepare these returns with the numbers and third-party testimony dictated by the government and the court, or if we do prepare them but "undermine the verity of the returns" by repudiating our signatures or writing "UNDER DURESS" over our signatures, we will be in contempt of the judge's order and go to jail.

9.      I attended a hearing regarding the government's motion for contempt on December 15, 2010 in which I testified. I was not told how long I would be given to speak. I read my statement because I was extremely nervous. Judge Edmunds, however, did not allow me to read into the record all of my prepared statement of my testimony, attached hereto in its

entirety as Exhibit B; further, she interrupted me three times and ordered me to "sit down" before I was finished.

10.     As soon as I began reading my statement into the record, Judge Edmunds covered her face with her hands, sighed, rolled her eyes, and during my testimony sat with her head in her hand and elbow on her bench, appearing to be bored and annoyed. She asked me no questions about my statement, and did not appear to be giving any consideration to what I was saying.

11.     Judge Edmunds stated at a hearing on June 10, 2010 the following, which language I quoted to the judge at the December 15 hearing:

> "If you want to file something **along with your return** that states that you disagree with having to file it and that you disagree that they're wages and you disagree that there are taxes owed on it, **append whatever you want to your return…**"

Hearing Transcript, 6/10/10, p. 7, lines 3-6.

> "I'm giving you the option of filing these amended returns **with an explanatory statement** that you disagree with it. You may do that."

Hearing Transcript, 6/10/10, p. 8, Lines 12-14.

> "I am giving you the option of filing an affidavit **or anything you want with your tax return…**"

Hearing Transcript, 6/10/10, p. 9, Lines 10-11.

12.     At the hearing on December 15, 2010, the judge stated that what she had really said in the June hearing was that "**with** your tax return" meant "a **separate** filing" from the tax return: "That means a separate filing, and that's what I said, a separate filing" (Hearing Transcript, 12/17/10, p. 13, lines 5-6 (see 12:16 – 13:12)), even though the transcript shows she used the words "with" and "along with" and "append to" and not the word "separate."

13.     Judge Edmunds then stated in open court, in front of strangers and my children (including my minor son), the threat "you're going to jail" three times on pp. 13-14.

14.     The judge's words and demeanor, and her shouting, caused me to feel intimidated, frightened, nervous, confused, depressed and profoundly upset.

15.     The "amended" returns we filed in response to the two previous orders of the court, Docket Nos. 34 and 68, complied not only with those orders but also with the option given to us by the judge at the June 10 hearing.

16.     In the Order of December 17, 2010, the judge withdrew that "option" she had given us at the June hearing and ordered us to file "valid" tax returns, "in usable form, that in no way undermine the verity of the returns, by January 7, 2011" or be found "in further contempt."

17.     Since we believe the returns the court and the government are demanding of us *have no verity*, I am confused by this order and do not know how to comply with it without perjuring myself and exposing myself to civil penalties, prosecution and possible imprisonment. I perceive the judge's words and orders in this matter to be overt threats to my freedom should I fail to adopt the testimony of another as my own and file with the IRS and Department of Justice documents I know to be false and perjurous in order to create the appearance of a debt owed to the government.

18.     For this reason, and because I am under duress, I submit my "amended" returns for the years 2002 and 2003, a true and authentic copy of which are attached hereto as Exhibit C, per the specifications dictated to me by the government and the court. I do so under extreme protest and with a reservation of all my rights under Constitutional, common and statutory law. I do so in spite of my firm belief that the judge has suborned perjury in violation of 18 U.S.C.

§1622 and violated the provisions of the criminal statute against procuring false returns at 26

U.S.C. §7206(2), because I am afraid of being thrown in jail and deprived of care for and

custody of my minor son.

19.    I am submitting these "amended" returns with the filing status Married Filing

Separately, and do not speak for my husband nor file returns on his behalf.

20.    I further disclaim these coerced amended returns because they are wholly false

and fraudulent and not the product of my free will, but rather a product of the imposition of the

power of the government and court over my civil liberties and person. For the same reasons, I

further give notice that I disclaim any responsibility for these instruments and deny any debt or

obligation that might be alleged to be created thereby.

21.    I am the master of my own signature. The fact that my signature and other

identifying information appears on these "amended" tax returns for 2002 and 2003 (a copy of

which is attached hereto as Exhibit C), being a result of duress and coercion, does not in any way

represent my endorsement of the truth of the contents of those documents, which contents I

categorically deny as being true, correct, or indicated by law. My signature, along with figures

and other information, is only placed on these forms under duress and coercion, and as such is

meant in compliance of a court order, and not in support of the verity of the contents thereof.

22.    If any form created by any other person such as a "Form W-2" or "Form 1099,"

or the contents of such forms, is associated with any document described above, I do not endorse

or adopt anything said on such form and, in fact, I specifically and categorically deny the

accuracy of anything said on such forms.

23.     I do not mean for the filing or submission of these "amended" returns for 2002

and 2003 to be taken as an admission of the receipt of any "income," "wages," "self-employment

income," "non-employee compensation," "net earnings from self-employment" or anything else

taxable or reflecting the conduct of any taxable activities, or happening of any taxable event

under any other name, label or characterization. I do not so admit or report of my own free will.

I swear that the foregoing is true and correct to the best of my knowledge.

Executed on January 7, 2011.

Doreen M. Hendrickson
Defendant *Pro Se*

ROY C. LEONARD
Notary Public, State of Michigan
County of Oakland
My Commission Expires Feb. 02, 2015
Acting in the County of _Wayne_

[seal]

Subscribed and sworn to or

affirmed before me this date: _January 7, 2011_

My Commission Expires: _02/02/2015_