UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NUMBER: 13-20371
                             HONORABLE VICTORIA A. ROBERTS

v.

DOREEN HENDRICKSON,

        **Defendant.**
_____/

### ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE (DOC. #34 and #35)

Doreen Hendrickson is charged with one count of criminal contempt, in violation of 18 U.S.C. § 401(3) for failing to comply with a court order entered by Judge Edmunds in a 2007 civil action. Judge Edmunds found Hendrickson liable for filing false tax returns for the years 2003 and 2004; Hendrickson reported zero income for those years allegedly because she believed she was not subject to federal taxation. Judge Edmunds ordered her to stop filing false tax returns.

The Government alleges that in 2009 Hendrickson again filed a false tax return; she reported zero income on her 2008 tax filing. The Government seeks to introduce: (1) Hendrickson's 2002, 2003 and 2008 filings, (2) Internal Revenue Service ("IRS") records reflecting Hendrickson's filings, (3) IRS refunds, (4) Hendrickson's 1099 form, (5) Form W-2 and payroll records from a company that employed Hendrickson in 2008, (6) Judge Edmunds' order, and (7) correspondences between Hendrickson and attorneys from the Department of Justice to establish guilt.

Now, Hendreickson has filed two motions in *limine* to preclude the introduction of

1

all of the Government's documents. Hendrickson says these documents are not relevant, but if they are relevant, they are more prejudicial than probative. She also says this is improper character evidence; and, this trial is about whether Judge Edmunds can prevent her from exercising her constitutional right of free speech.

This is not a constitutional case. No evidence concerning the constitutionality of Judge Edmunds' order will be put on by either party. This is a criminal case and only concerns whether Hendrickson willfully violated Judge Edmunds' order.

Section 401(3) says: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and one other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

In order to prove that the defendant violated § 401(3), the Government must prove beyond a reasonable doubt that: (1) a "court's writ, process, order, rule, decree or command [has been] resisted or disobeyed; . . . [2. T]he act of disobedience or resistance was a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent." *In re Smothers*, 322 F.3d 438, 441-42 (6th Cir. 2003) (internal citations omitted).

Judge Edmunds' prior order and Hendrickson's prior tax filings are relevant and more probative than prejudicial to the Government's case. Further, these documents are not improper character evidence. The Government must show that Hendrickson knew she was filing a false return when she reported zero income on her 2008 filing. Being sanctioned for essentially the same filing in 2003 and 2004 establishes knowledge. A violation of Judge Edmunds' order is central to the dispute; it is

necessary to inform the jury what Hendrickson was ordered not to do.

Hendrickson's motions are **DENIED**.  These documents are more probative than prejudicial.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  October 28, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Doreen Henderickson by electronic means or U.S. Mail on October 28, 2013.

S/Linda Vertriest
Deputy Clerk