# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,           :

            Plaintiff,           :

                  :

        v.           :    Case No. 13-cr-20371

                  :    Honorable Victoria A. Roberts

DOREEN HENDRICKSON,           :

            Defendant.           :

## DOREEN HENDRICKSON'S PROPOSED JURY INSTRUCTIONS

Doreen Hendrickson hereby proposes the following instructions for the jury in the above-captioned matter, and reserves the right to supplement these proposed instructions to address legal and factual matters raised at trial.

Respectfully submitted this 17th day of July, 2014,

Doreen Hendrickson, *in propria persona*
232 Oriole Rd.,
Commerce Twp., Mich. 48382
248-366-6858
doreen@losthorizons.com

i

## CONTENTS

General Principles-Introduction.................................................................... 1

Jurors' Duties............................................................................................... 2

Presumption of Innocence; Burden of Proof; Reasonable Doubt ...................... 3

Evidence Defined .......................................................................................... 5

Consideration of Evidence ............................................................................ 6

Direct and Circumstantial Evidence ............................................................... 7

Credibility of Witnesses ................................................................................ 8

Credibility of Witnesses-Government Employees ........................................... 11

Number of Witnesses .................................................................................... 12

Lawyer's Objections ...................................................................................... 13

Defining the Crime and Related-Introduction................................................. 14

Contempt-Elements of the Offense................................................................. 15

Willfulness.................................................................................................... 18

Lawfulness.................................................................................................... 20

Inability to Comply ....................................................................................... 22

On or About .................................................................................................. 23

Inferring Required Mental State ..................................................................... 24

Special Evidentiary Matters-Introduction....................................................... 25

Documents Introduced Without the Author's Appearance in Court ................. 26

Deliberations and Verdict-Introduction ............................................................ 28

Experiments, Research and Investigation ......................................................... 29

Reasonable Doubt ............................................................................................. 31

If the Evidence Permits Either of Two Conclusions ........................................ 33

Reasons For Which You Cannot Convict .......................................................... 34

Unanimity of Verdict is Required...................................................................... 35

Unanimity is Required as to One or Both Alleged Violations........................... 36

Jury to Deliberate ............................................................................................. 39

Punishment ....................................................................................................... 40

Verdict Form...................................................................................................... 41

Juror Notes........................................................................................................ 42

## PROPOSED INSTRUCTION NO. 1
## GENERAL PRINCIPLES-INTRODUCTION

(1) Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that Mrs. Hendrickson is accused of committing.

(4) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6) Please listen very carefully to everything I say.

Sixth Circuit Pattern Instruction 1.01

## PROPOSED INSTRUCTION NO. 2
## <u>JURORS' DUTIES</u>

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second job is to take the law that I give you, apply it to the facts, and decide if the government has proved Mrs. Hendrickson guilty beyond a reasonable doubt of the particular count at issue. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers have talked about the law during the trial. But if what they said is different from what I tell you, you must follow what I say. What I say about the law controls.

(4) Do your jobs fairly. Do not let any bias, sympathy or prejudice that you may feel toward either side influence your decision in any way.

Sixth Circuit Pattern Instruction 1.02

2

## PROPOSED INSTRUCTION NO. 3
## PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT

(1) As you know, Mrs. Hendrickson has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells Mrs. Hendrickson what crime she is accused of committing. It does not even raise any suspicion of guilt.

(2) Instead, Mrs. Hendrickson starts the trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent. This presumption of innocence stays with her unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that she is guilty.

(3) This means that Mrs. Hendrickson has no obligation to present any evidence at all, or to prove to you in any way that she is innocent. It is up to the government to prove that she is guilty, and this burden stays on the government from start to finish. You must find Mrs. Hendrickson not guilty unless the government convinces you beyond a reasonable doubt that she is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common

3

sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved Mrs. Hendrickson guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Sixth Circuit Pattern Instruction 1.03

## PROPOSED INSTRUCTION NO. 4
### EVIDENCE DEFINED

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

(3) Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

Sixth Circuit Pattern Instruction 1.04

5

## PROPOSED INSTRUCTION NO. 5
## CONSIDERATION OF EVIDENCE

(1) You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Sixth Circuit Pattern Instruction 1.05

## PROPOSED INSTRUCTION NO. 6
## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

(4) Legally, there is no difference between direct and circumstantial evidence. The law does not say that one is necessarily any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Sixth Circuit Pattern Instruction 1.06

7

## PROPOSED INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or Mrs. Hendrickson, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or

8

reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Sixth Circuit Pattern Instruction 1.07

## PROPOSED INSTRUCTION NO. 8
## CREDIBILITY OF WITNESSES-GOVERNMENT EMPLOYEES

(1) You have heard the testimony of persons employed by federal agencies.

(2) The fact that a witness is employed by a governmental agency does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

(3) At the same time, it is quite legitimate for defense counsel to try to attack the believability of a government employee witness on the ground that the testimony may be colored by a personal or professional interest in the outcome of the case.

(4) You must decide, after reviewing all the evidence, whether you believe the testimony of the government employee witness and how much weight, if any, it deserves.

Third Circuit Pattern Instruction 4.18

11

## PROPOSED INSTRUCTION NO. 9
## <u>NUMBER OF WITNESSES</u>

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Sixth Circuit Pattern Instruction 1.08

## PROPOSED INSTRUCTION NO. 10
## LAWYERS' OBJECTIONS

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Sixth Circuit Pattern Instruction 1.09

## PROPOSED INSTRUCTION NO. 11
## DEFINING THE CRIME AND RELATED-INTRODUCTION

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that Mrs. Hendrickson is accused of committing.

(2) But before I do that, I want to emphasize that Mrs. Hendrickson is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Sixth Circuit Pattern Instruction 2.01

14

## PROPOSED INSTRUCTION NO. 12
## CONTEMPT- ELEMENTS OF THE OFFENSE

(1) The crime of contempt under which Mrs. Hendrickson is charged consists of several elements. The government must prove each beyond a reasonable doubt.

(2) In addition to the burden of proving that the orders made to Mrs. Hendrickson were known to her, and were not actually obeyed, the government bears the burden of proving:

A.) That the orders made to Mrs. Hendrickson are lawful;

B.) That the orders made to Mrs. Hendrickson are possible-- that is, are capable of being obeyed, and not a practical or legal impossibility.

C.) That the orders made to Mrs. Hendrickson, if proven to be lawful and capable of being obeyed, were disobeyed willfully-- that is, that Mrs. Hendrickson herself believed the orders were lawful and imposed legal duties upon her and were capable of being obeyed and then, believing these things, disobeyed the orders.

(3) I will instruct you about the nature of each of these elements next.


Authority (all emphases added): 18 U.S.C. 401(3): *"Disobedience or resistance to its **lawful** writ, process, order, rule, decree, or command,"*

NOTE: Authorities continue below, but Mrs. Hendrickson first respectfully directs the Court's attention to the fact that not only does the statute in this case specify "lawful" as an element of the offense, **but the indictment itself specifies "lawfulness" as an element**. See Indictment, Docket #3, paragraph 8, page 2: "On or about and between the dates listed below, in the Eastern District of Michigan and elsewhere, DOREEN M. HENDRICKSON did knowingly and willfully disobey and resist **the lawful orders** of a Court of the United States...".

15

NOTE II: In its own citation of authorities for its preferred version of this instruction the government omits portions of the very first authority cited, *In re Smothers*, in which the Smothers court specifies "lawfulness" as a element of the contempt offense. The government similarly omits the court's acknowledgement of the "lawfulness" requirement in its quotation of *United States v. Strickland*. Both are accurately quoted below.

<u>Authorities continue</u>:

*United States v. Koblitz*, 803 F.2d 1523, 1527 (11th Cir. 1986) "**A [] contempt order can only be upheld if it is supported by clear and convincing evidence that (1) the underlying order allegedly violated <u>was valid and lawful</u>**, *Smith v. Sullivan*, 611 F.2d 1050, 1052-54 (5th Cir. 1980); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1356 (5th Cir.1978)";

*United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987) "... Moore has been punished...based on a determination that he was disobedient to **a lawful order** of the district court... **The essential elements of the criminal contempt...are that the court entered a lawful order of reasonable specificity, Moore violated it, and the violation was willful. Guilt may be determined and punishment imposed only if each of these elements has been proved beyond a reasonable doubt.** Michaelson v. United States ex rel. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924); Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911); In re Stewart, 571 F.2d 958 (5th Cir.1978).";

*Almendarez-Torres v. United States,* 523 U.S. 224, 228 (1998): "An indictment must set forth each element of the crime that it charges. Hamling v. United States, [ 418 U.S. 87] at 117 [1974]. ... See Staples v. United States , 511 U.S. 600, 604 (1994) (definition of a criminal offense entrusted to the legislature, " 'particularly in the case of federal crimes, which are solely creatures of statute' ") (quoting Liparota v. United States , 471 U.S. 419, 424 (1985)). **We therefore look to the statute before us and ask what Congress intended.... we look to the statute's language,** structure, subject matter, context, and history --factors that typically help courts determine a statute's objectives and thereby illuminate its text. See, e.g., United States v. Wells , 519 U. S. --, -(1997) (slip op., at 10-11); Garrett v. United States , 471 U.S. 773, 779 (1985)."

*In re Smothers*, 322 F3d 438 (6th Cir. 2003) "The law governing the court's ability to punish Smothers's conduct is 18 U.S.C. § 401(3). This section grants federal courts the power to punish when there is "disobedience or resistance to its **lawful** writ, process, order, rule, decree or command. ... "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their **lawful** mandates." *Chambers*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)";

*United States v. Strickland*, No. 89-3815, (6th. Cir. 1990) "...the court **properly** ordered him to answer the questions posed in the grand jury proceeding.";

*In re Holloway*, 995 F.2d 1080, 1082 n.1 (D.C. Cir. 1993) "The elements of contempt under § 401(3) are straightforward. First, the alleged contemnor must "[d]isobe[y] or resist[] ... [the] **lawful** writ, process, order, rule, decree, or command" of the court. 18 U.S.C. § 401(3). ... Second, although § 401(3) does not explicitly mention *mens rea*, wrongful intent is necessary. The disregard of authority must be willful;...";

*United States v. Bryan*, 339 U.S. 323, 330-331, 70 S.Ct. 724, 94 L.Ed. 884 (1950) "[O]ne charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to comply.".

17

## PROPOSED INSTRUCTION NO. 13
## <u>WILLFULNESS</u>

(1) I told you that in order to sustain its burden of proof under the indictment in this case, the government must prove that Mrs. Hendrickson acted willfully. To act "willfully" means to act with an intention of violating the law. If Mrs. Hendrickson does not believe herself to be under a valid legal obligation, she cannot act willfully against it.

(2) In considering "willfulness" it does not matter what you believe about the lawfulness of the orders given to Mrs. Hendrickson. Even if you believe the orders are valid, all that matters is what Mrs. Hendrickson believes about them.

(3) Nor can you consider or be swayed by your opinion of the reasonableness of Mrs. Hendrickson's view of the lawfulness of the orders. All that matters is that Mrs. Hendrickson believes, or even simply has reason to believe, that the orders are unlawful. If she does, she cannot have acted "willfully" in resisting them.

(4) So, it would not be enough that you find beyond a reasonable doubt that Mrs. Hendrickson did not do what the court ordered her to do. Even then, you still must find her not guilty unless you are convinced beyond a reasonable doubt that her refusal was an intentional violation of what *she* knew and believed to be a valid legal duty to say what the court ordered her to say, and in the manner the court ordered her to say it.

(5) Further, even if you conclude that Mrs. Hendrickson's resistance to the orders

18

arose from a stubborn refusal to believe what most other people accept, still you would have to say that the conduct was not "willful." Even a stubborn refusal to believe what others do is still disbelief, and Mrs. Hendrickson cannot willfully violate what she does not believe she is or can be required to do.

(6) In other words, if you find that Mrs. Hendrickson believed herself lawfully required to speak as dictated-to by the government through the medium of the court but simply refused anyway, then her conduct would be willful. But if you find that she sincerely and in good faith believed that she cannot be lawfully told what to say over her own signature, then you cannot find that she acted willfully and you must find her Not Guilty.

Authority: *United States v. Hilburn*, 625 F.2d 1177 (6th Cir. 1980); Chambers v. NASCO, INC., 501 U.S. 32; *In re Holloway*, 995 F.2d 1080, 1082 n.1 (D.C. Cir. 1993); *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987); 6th Circuit Pattern Instruction 2.05 Committee Commentary; *Cheek v. United States*, 498 U.S. 192, 199-202 (1991); *United States v. Pomponio*, 429 U.S. 10, 12 (1976) (per curiam); 2B Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* § 67.20, at 621 (5th ed. 2000).

19

## PROPOSED INSTRUCTION NO. 14
## LAWFULNESS

(1) I told you that in order for Mrs. Hendrickson to be guilty of the charge in this case, the order she is accused of resisting must be lawful. The statute under which she is charged only concerns *"Disobedience or resistance to [a court's] **lawful** writ, process, order, rule, decree, or command."*

(2) Because "lawfulness" is an element of the offense charged, and the burden of proof as to every element rests entirely on the government, you must presume the orders given to Mrs. Hendrickson to be <u>unlawful</u>, unless proven by the government to be otherwise beyond a reasonable doubt.

<u>Authority (all emphases added)</u>: 18 U.S.C. 401(3): *"Disobedience or resistance to its **lawful** writ, process, order, rule, decree, or command,"*

NOTE: Authorities continue below, but Mrs. Hendrickson first respectfully directs the Court's attention to the fact that not only does the statute in this case specify "lawful" as an element of the offense, **but the indictment itself specifies "lawfulness" as an element**. See Indictment, Docket #3, paragraph 8, page 2: "On or about and between the dates listed below, in the Eastern District of Michigan and elsewhere, DOREEN M. HENDRICKSON did knowingly and willfully disobey and resist **the lawful orders** of a Court of the United States...".

<u>Authorities continue</u>:

*United States v. Koblitz*, 803 F.2d 1523, 1527 (11th Cir. 1986) "**A [] contempt order can only be upheld if it is supported by clear and convincing evidence that (1) the underlying order allegedly violated <u>was valid and lawful</u>**, *Smith v. Sullivan*, 611 F.2d 1050, 1052-54 (5th Cir. 1980); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1356 (5th Cir.1978)";

*United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987) "... Moore has been punished...based on a determination that he was disobedient to **a lawful order** of the district court... **The essential elements of the criminal contempt...are that the court entered a lawful order of reasonable specificity, Moore violated it, and the violation was willful. Guilt may be determined and punishment imposed only if each of these elements has been proved beyond a reasonable doubt.** Michaelson v. United States ex rel. Chicago, St. Paul, Minneapolis & Omaha Railway Co., 266 U.S. 42, 66, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924); Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797 (1911); In re Stewart, 571 F.2d 958 (5th Cir.1978).";

*Almendarez-Torres v. United States,* 523 U.S. 224, 228 (1998): "An indictment must set forth each element of the crime that it charges. Hamling v. United States, [ 418 U.S. 87] at 117 [1974]. ... See Staples v. United States , 511 U.S. 600, 604 (1994) (definition of a criminal offense entrusted to the legislature, " 'particularly in the case of federal crimes, which are solely creatures of statute' ") (quoting Liparota v. United States , 471 U.S. 419, 424 (1985)). **We therefore look to the statute before us and ask what Congress intended.... we look to the statute's language,** structure, subject matter, context, and history --factors that typically help courts determine a statute's objectives and thereby illuminate its text. See, e.g., United States v. Wells , 519 U. S. --, -(1997) (slip op., at 10-11); Garrett v. United States , 471 U.S. 773, 779 (1985)."

*In re Smothers*, 322 F3d 438 (6th Cir. 2003) "The law governing the court's ability to punish Smothers's conduct is 18 U.S.C. § 401(3). This section grants federal courts the power to punish when there is "disobedience or resistance to its **lawful** writ, process, order, rule, decree or command. ... "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their **lawful** mandates." *Chambers,* 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)";

*United States v. Strickland*, No. 89-3815, (6th. Cir. 1990) "...the court **properly** ordered him to answer the questions posed in the grand jury proceeding.";

*In re Holloway*, 995 F.2d 1080, 1082 n.1 (D.C. Cir. 1993) "The elements of contempt under § 401(3) are straightforward. First, the alleged contemnor must "[d]isobe[y] or resist[] ... [the] **lawful** writ, process, order, rule, decree, or command" of the court. 18 U.S.C. § 401(3)."

## PROPOSED INSTRUCTION NO. 15
## INABILITY TO COMPLY

(1) Let me say a bit more about "inability to comply".

(2) An inability to comply with an order of the court is a complete defense to a charge of contempt.

(3) If an order is self-contradictory or requires something physically or legally impossible, or something criminal, it is an inherently invalid order. A failure to comply with such an order is not a crime.

(4) If you find that the orders given to Mrs. Hendrickson are self-contradictory or require something physically or legally impossible, or something criminal, you must find Mrs. Hendrickson Not Guilty.

Authority: *United States v. Bryan*, 339 U.S. 323, 330-331, 70 S.Ct. 724, 94 L.Ed. 884 (1950) ("[O]ne charged with contempt of court for failure to comply with a court order makes a complete defense by proving that he is unable to comply."); *United States v. Joyce*, 498 F.2d 592, 596 (7th Cir. 1974); *Department of the Treasury, Internal Revenue Service, Office of Chief Counsel, Memorandum for Ogden Service Center, Number: 200127045*, 7/6/2001; *Sloan v. Commissioner*, 53 F.3d 799 (7th Cir. 1995); *Letscher v. United States*, 2000 U.S. Dist. LEXIS 13061, 2000-2 U.S. Tax Cas. (CCH) P50,723; *Williams v. Commissioner*, 114 T.C. 136 (2000).

22

## PROPOSED INSTRUCTION NO. 16
## ON OR ABOUT

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment charges that the various crimes charged happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crime happened reasonably close to those dates.

Sixth Circuit Pattern Instruction 2.04

## PROPOSED INSTRUCTION NO. 17
## INFERRING REQUIRED MENTAL STATE

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what a defendant said, what she did, how she acted, and any other facts or circumstances in evidence that show her state of mind.

(4) You may also consider the natural and probable results of acts that she knowingly did [or did not do], and whether it is reasonable to conclude that she intended those results. This, of course, is all for you to decide.

Sixth Circuit Pattern Instruction 2.08

24

**PROPOSED INSTRUCTION NO. 18**
**SPECIAL EVIDENTIARY MATTERS-INTRODUCTION**

(1) That concludes the part of my instructions explaining the elements of the crimes charged in the indictment.  Next I will explain some rules that you must use in evaluating particular testimony and evidence.

Sixth Circuit Pattern Instruction 7.01

25

## PROPOSED INSTRUCTION NO. 19
## <u>DOCUMENTS INTRODUCED WITHOUT THE AUTHOR'S APPEARANCE IN COURT</u>

(1) I want to explain something about certain documents admitted into evidence without testimonial support for their contents. The fact that documents with testimonial or conclusory content, such as Treasury Department Forms W-2 and 1099, were admitted as exhibits is not in any way evidence of the truthfulness or accuracy of what appears upon those document, or of what was implied about its significance, meaning or content by the lawyers who presented it in trial.

(2) Unless the person who created the document appeared in court to testify and be cross-examined, no significance whatever is to be given to anything presented as that person's testimony or conclusions.

(3) Because they were admitted by the court into evidence, such documents can be taken as having appeared in whatever proceeding they are said to have appeared, or to have been found in whatever collection of records they are said to have been found. But nothing about their content can be taken as true, not even that they were written or produced by the person whose name or signature is upon them, or who the government claims is responsible for them.

(4) In fact, because no witness was produced to be tested as to the veracity, basis and meaning of these documents, you can presume that had such a witness appeared, his or her testimony would be adverse to the government's case.

26

<u>Authorities:</u> *Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009) ("The text of the [Sixth] Amendment contemplates two classes of witnesses – those against the Defendant and those in his favor. **The prosecution MUST produce the former**; the Defendant may call the latter... **[T]here is not a third category of witnesses, helpful to the prosecution, but somehow immune from confrontation.**"; *Crawford v. Washington*, 541 U.S. 36 (2004); *Bullconning v. New Mexico*, 131 S.Ct. 2705 (2011) (Bold added); *Cheek v. United States*, 498 U.S. 192 (1991); *Gray v. Great American Recreation Association, Inc.*, 970 F.2d 1081 (2nd Circuit, 1992) (""'The law creates a presumption, where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify, that his testimony, if introduced, would be adverse to his interests.'" *Meier v. CIR*, 199 F.2d 392, 396 (8th Cir.1952) (quoting 20 Am.Jur., Evidence §190, page 193).").

## PROPOSED INSTRUCTION NO. 20
## DELIBERATIONS AND VERDICT-INTRODUCTION

(1) That concludes the part of my instructions explaining the rules for considering particular testimony and evidence. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer or to me or to anyone else about the case. We must communicate in writing. Write down your message, sign it, and then give it to the jury officer. He will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Your messages should normally be sent to me through your foreperson.

(4) One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Sixth Circuit Pattern Instruction 8.0

## PROPOSED INSTRUCTION NO. 21
## EXPERIMENTS, RESEARCH AND INVESTIGATION

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because

they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Sixth Circuit Pattern Instruction 8.02

## PROPOSED INSTRUCTION NO. 22
### REASONABLE DOUBT

(1) I have said that the burden on the government is to prove Mrs. Hendrickson's guilt beyond a reasonable doubt. Proof of guilt beyond a reasonable doubt does not mean proof beyond all conceivable doubt. No event in human affairs has so absolutely certain a cause that one could not, through elaborate exercise of imagination, conceive of some other remotely possible explanation for what happened.

(2) In saying that the government must prove guilt beyond a reasonable doubt what I mean is that you as jurors must all be satisfied that no other conceivable alternative explanation has any reasonable likelihood. The evidence must exclude any reasonable doubt concerning Mrs. Hendrickson 's guilt. If you conclude, based on the evidence in this case, or reasonable inferences therefrom, that there is a reasonable likelihood that the events charged against Mrs. Hendrickson can be explained on some basis not consistent with guilt, then the government has not sustained its burden of proof.

(3) Proof beyond a reasonable doubt means that you, the jury, must reach a state of near certitude of the guilt of Mrs. Hendrickson. This conclusion, if you reach it, must be based on the evidence presented to you, and must not based on your subjective feelings. Any conclusion that Mrs. Hendrickson is guilty must be based upon a reasoned, objective evaluation of the evidence, and a proper understanding

31

of the quantum of proof necessary to establish guilt to a "near certitude."

(4) A reasonable doubt may arise from the evidence, or from the lack of evidence presented. Reasonable doubt exists when, after weighing and considering all the evidence, jurors cannot say that they have a settled conviction that the prosecution has proved the charge beyond a reasonable doubt.

(5) I instruct you that what the government must do to meet its heavy burden is to establish the truth of each essential part or element of the offense charged, by proof beyond a reasonable doubt. Only then can you be satisfied, consistently with your oath as jurors, to base your verdict upon the evidence you have heard. If you so find as to a particular charge against Mrs. Hendrickson, you may return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether Mrs. Hendrickson is guilty of any one of the several elements of the offense charged, you must give Mrs. Hendrickson the benefit of that doubt and find Mrs. Hendrickson not guilty on that count.

Authority: Jury Instructions given by Judge Pollak in United States v. Leader, No. 91-CR-152 (Sept. 9, 1991), with additions from United States v. Hernandez, 176 F.3d 719, 731-32 (3d Cir. 1999), quoting Jackson v. Virginia, 443 U.S. 307, 315 (1979); United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997). See also United States v. Isaac, 134 F.3d 199, 202 (3d Cir. 1998).

## PROPOSED INSTRUCTION NO. 23
## <u>IF THE EVIDENCE PERMITS EITHER OF TWO CONCLUSIONS</u>

(1) If your review of the evidence in this case reasonably permits either of two conclusions as to any element of the offense charged -- one of innocence and the other of guilt -- you must adopt the conclusion that Mrs. Hendrickson is Not Guilty. If you are left with that level of uncertainty, then the government has not met its burden of proving guilt beyond a reasonable doubt.

<u>Based on</u>: 1A Kevin F. O'Malley, <u>et al.</u>, *Federal Jury Practice and Instructions: Criminal* § 12.10, at 168 (5th ed. 2000).

## PROPOSED INSTRUCTION NO. 24
## REASONS FOR WHICH YOU CANNOT CONVICT

(1) You may not find Mrs. Hendrickson guilty for any reason other than because the government has met its burden of proof beyond a reasonable doubt on the elements of the offense charged in the indictment. For example, it would violate your oath as jurors if you were to consider convicting Mrs. Hendrickson for the purpose of deterring other persons from committing crimes, because you yourself would behave differently than Mrs. Hendrickson under the same circumstances, because you find Mrs. Hendrickson's opinions or attitude or behavior displeasing, or for any other reason not stated in these instructions.

(2) Further, this is NOT a perjury case, nor a tax case, nor a "false return" case. You may not find Mrs. Hendrickson guilty because you concluded she lied on her tax forms, or that they are wrong in any other way; such conclusions or views can have NO PART in any deliberation in this case.

Source: 5 Edward R. Branson, *The Law of Instructions to Juries* § 3449 (3d ed. A.H. Reid 1962)

34

## PROPOSED INSTRUCTION NO. 25
## <u>UNANIMITY OF VERDICT IS REQUIRED</u>

(1) Your verdict, whether it is guilty or not guilty, must be unanimous.

(2) To find Mrs. Hendrickson guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves her guilt beyond a reasonable doubt.

(3) To find her not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous.

Sixth Circuit Pattern Instructions 8.03

## PROPOSED ISTRUCTION NO. 26
## UNANIMITY IS REQUIRED AS TO BOTH ALLEGED ACTS OF VIOLATION

(1) The indictment's single count charges Mrs. Hendrickson with committing two acts, and joins them into one alleged crime by titling them as "violation" in the singular-- rather than "violations" in the plural-- and by the use of the conjunctive "and" between them, rather than the disjunctive "or".

(2) Therefore, it is not sufficient for some of you to believe that Mrs. Hendrickson violated one order and the rest believe she violated the other, or for all of you to believe that Mrs. Hendrickson violated only one order. If you do not unanimously agree that the government has proven the violation of both orders beyond a reasonable doubt, you cannot find Mrs. Hendrickson guilty.

### OR
(If the Court deems each violation to be separately alleged)
## UNANIMITY IS REQUIRED AS TO AT LEAST ONE ALLEGED VIOLATION

(1) Each act or omission alleged in the indictment is, if an offense at all, a complete offense. There is no crime of "bad attitude"-- criminal contempt as is charged in this case consists only of the willful violation of a lawful order.

(2) It is not sufficient for some of you to believe that Mrs. Hendrickson violated one order and the rest believe she violated the other. If you do not unanimously agree that the government has proven the violation of the same order or orders beyond a reasonable doubt, you cannot find Mrs. Hendrickson guilty.

36

Sixth Circuit Pattern Criminal Jury Instructions (2014), Instruction 8.03B

The Sixth Circuit Pattern Instructions Section 8.03B [Unanimity Not Required - Means] Committee Commentary explicitly declares that the unanimity exception cannot apply to a jury's determination of any matter which itself constitutes an offense or even merely an element of an offense:

"This instruction [Unanimity Not Required - Means] covers situations where the crime charged includes **an element that can be committed by multiple means**, so jury unanimity on a particular means is not required. The use note indicates that **the instruction should only be given if the indictment alleges that the defendant committed a single element through more than one means**."
(Emphasis added.)

A willful violation of an order is, in and of itself, <u>an entire contempt offense</u>. It is not only *not* a "means" of an "element"; it is not even a mere element. Criminal contempt under 18 U.S.C. 401(3) consists of: Disobedience or resistance to [a court's] lawful writ, process, order, rule, decree, or command. Such disobedience or resistance to a lawful command <u>is a complete offense</u>, and there IS no crime of contempt which is not a disobedience or resistance to a court's lawful writ, process, order, rule, decree, or command, but is instead something else of which such a violation is merely a "means". There is no crime of "showing contempt", which can be committed in one way or another; indeed, <u>18 U.S.C. 401(3) explicitly precludes any such construction with the specification "and none other"</u>.

This fact is manifest in the fact that all parties here, including the government and the Court, would agree that a <u>complete offense</u> would be properly proven if all jurors agreed on <u>nothing more</u> than that Mrs. Hendrickson had committed either of the violations alleged in the indictment.

What is proposed by the government in its 'Unanimity Not Required - Means' instruction flies in the face of the facts and the law, and even the very authority it cites on its behalf.

What's more, the government's proposed "Unanimity Not Required - Means" instruction is an argument that the indictment names no actual offense. If the unanimity exception applies here, it can only be because the "contempt'" allegedly accomplished by the various "means" of the alleged order violations is merely an "element" of something else never named. Again, as the Pattern Instructions Committee declares: **"the instruction should only be given if the indictment**

37

alleges that the defendant committed a single **element** through more than one means."

If the government is right about the applicability of this unanimity exception, then the indictment names only an "element" and two "means" but no offense. It thus fails to invoke the Courts' jurisdiction and should be dismissed.

The specific language of the indictment:

"DOREEN M. HENDRICKSON did knowingly and willfully disobey and resist the lawful orders of a Court of the United States, namely, paragraph 27 of the May 2, 2007, Amended Judgment and Order of Permanent Injunction against DOREEN HENDRICKSON in the case of United States v. Peter and Doreen Hendrickson, case number 2:06-cv-11753-NGE-RSW, by

| DATE(S) | VIOLATION OF ORDER |
|---|---|
| (a) March 23, 2009 | filing a 2008 U.S. Income Tax Return for Single and Joint Filers With No Dependents, Form 1040EZ which falsely reported that she earned zero wages in 2008"; and |
| (b) June 1, 2007-Present | failing to file with the IRS Amended U.S. Individual Tax Returns for 2002 and 2003" |

Indictment, Docket #3, paragraph 8, page 2

Additional authorities: *Richardson v. United States*, 526 U.S. 813 (1999); *Schad v. Arizona*, 501 U.S. 624 (1991); Sixth Circuit Pattern Instructions Section 8.03B Committee Commentary ("If a fact is an element, "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved [it]"; and "[non]unanimity [is only acceptable regarding things which] do not themselves constitute a separate offense or an element of an offense."); *United States v. Gaudin*, 515 U.S. 506 (1995); *Sullivan v. Louisiana*, 508 U.S. 275 (1993); *California v. Roy*, 519 U.S. 2, 7 (1996).

38

## PROPOSED INSTRUCTION NO. 27
## DUTY TO DELIBERATE

(1) Now that all the evidence and arguments are complete, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what everyone else has to say, and then decide for yourself if the government has proved Mrs. Hendrickson guilty beyond a reasonable doubt.

Sixth Circuit Pattern Instruction 8.04

## PROPOSED INSTRUCTION NO. 28
## PUNISHMENT

(1) If you decide that the government has proved Mrs. Hendrickson guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding you verdict.

(3) Your job is to look at the evidence and decide if the government has proved Mrs. Hendrickson guilty beyond a reasonable doubt. If it has, say so. If it has not, say so.

Sixth Circuit Pattern Instruction 8.0

40

**PROPOSED INSTRUCTION NO. 29**
**<u>VERDICT FORM</u>**

(1) I have prepared a verdict form that you should use to record your verdict. The form reads as follows:  [read form].

(2) If you decide that the government has proved the charge against Mrs. Hendrickson beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against Mrs. Hendrickson beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

Sixth Circuit Pattern Instruction 8.06

41

## PROPOSED INSTRUCTION NO. 30
## <u>JUROR NOTES</u>

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Sixth Circuit Pattern Instruction 8.10

## CERTIFICATE OF SERVICE

I hereby certify that this day a true and correct copy of the foregoing

PROPOSED JURY INSTRUCTIONS was served via U.S. first-class mail upon the

following counsel:

> Melissa Siskind
> U.S. Department of Justice
> Tax Division
> P. O. Box 972, Ben Franklin Station
> Washington DC, 20044

Dated:  July 17, 2014

Doreen M. Hendrickson