UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff*,

                                                            Case Number: 13-cr-20371
                                                             Honorable Victoria A. Roberts

v.

DOREEN HENDRICKSON,

    *Defendant.*
_____/

## ORDER DENYING DEFENDANT'S MOTIONS IN LIMINE (DOC. ## 82, 83, and 84) AND GRANTING DEFENDANT'S MOTION IN LIMINE ON PREJUDICIAL REFERENCES (DOC. # 85)

Doreen Hendrickson is charged with one count of criminal contempt under 18 U.S.C. § 401(3) for failing to comply with a court order entered by Judge Edmunds in a 2007 civil action. Judge Edmunds found Hendrickson liable for filing false tax returns for the years 2003 and 2004; Hendrickson reported zero income for those years allegedly because she believed she was not subject to federal taxation. Judge Edmunds ordered her to stop filing false tax returns.

The Government alleges that in 2009 Hendrickson again filed a false tax return; she reported zero income on her 2008 tax filing. Now, Hendrickson has filed four motions *in limine* (1) to preclude the presentation of any "information returns" documents, such as Forms W-2 and 1099, except under certain conditions; (2) to prevent the presence of IRS personnel at the prosecution table but allow her husband at the defense table; (3) to exclude jurors being paid by the federal government for cause;

1

and (4) to remove references to earlier incidents from different documents that will be presented to the jury because the incidents prejudicial and irrelevant.

The Court **DENIES** Hendrickson's motion to bar W-2 and 1099 forms. (Doc. # 82.) The four W-2 and 1099 Forms meet the hearsay exceptions in Fed. R. Evid. 803 for business records, Fed. R. Evid. 803(6), and public records, Fed. R. Evid. 803(8). Additionally, Hendrickson has no Sixth Amendment right to confrontation because the W-2s and 1099s were prepared in the regular course of business not for litigation and are non-testimonial documents. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324, 129 S. Ct. 2527, 2539-40, 174 L. Ed. 2d 314 (2009) (stating that "business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial").

The Court **DENIES** Hendrickson's motion to prevent IRS personnel from sitting at counsel table and to allow her husband to sit with her. (Doc. # 83.) Allowing case agents to sit at the prosecution table is "virtually universal practice." *United States v. Cox*, 459 F.2d 986, 988 (5th Cir. 1972). The Court does not see how the IRS official's presence will result in confusion or prejudice. Further, the contempt charge involves failure to pay taxes and the IRS agent can assist in presenting the government's IRS specific evidence.

Also, a defendant has no "Sixth Amendment right to the assistance of non-lawyer friends" but the Court can exercise its discretion in allowing such assistance. *United States v. Perry*, 802 F.2d 460 (6th Cir. 1986). The Court is not convinced that Mr.

Hendrickson has any "legal or technical" expertise or that his familiarity with the underlying civil case necessitates his participation from the defense table. His presence at the first trial shows he would most likely serve as a distraction and Mrs. Hendrickson had plenty of time to prepare her case.

The Court **DENIES** Hendrickson's motion to excuse any prospective juror with financial "connections" to the government. (Doc. # 84.) Courts "have long rejected contentions that government employees must automatically be stricken from juries considering violations of federal laws." *United States v. Lawson*, 670 F.2d 923, 926 (10th Cir. 1982) (collecting cases). Voir dire will provide a chance to uncover jurors who should be excused for cause; there is no reason to create a blanket prohibition on government employees or benefit recipients.

The Court **GRANTS** Hendrickson's motion to remove prejudicial references. (Doc. # 85.) Federal Rule of Evidence 403 provides, in part, that evidence "may be excluded if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Unfair prejudice is "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006) (internal quotations and citations omitted). But "unfair prejudice" does not include "the damage to a defendant's case that results from the legitimate probative force of the evidence." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (internal quotations and citations omitted).

Hendrickson wants all references to her husband's guilty plea to conspiracy to place an incendiary device in the mail and willful failure to file tax returns redacted. The references are contained in the Tax Division's civil complaint against Hendrickson (Gov.

3

Exh. 12 at ¶ 30) and the Sixth Circuit's order confirming the summary judgment ruling against Hendrickson (Gov. Exh. 17 at p. 1-2). The first reference contains a paragraph-long explanation of the incident surrounding her husband's guilty plea. It is prefaced with a sentence explaining that Hendrickson's "improper submission of false forms and tax returns was not accidental" and that she knew and had reason to know "the positions asserted on [her] tax filings [were] false." (Gov. Exh. 12 at ¶ 30) The second reference contains one sentence saying "Peter E. Hendrickson is a tax protester who pled guilty to reduced charges for his role in a conspiracy to place a firebomb in a post office bin as a tax protest, which resulted in injuries to a postal worker and a bystander." (Gov. Exh. 17 at p. 1-2)

The information will be prejudicial because her husband pleaded guilty to an act of domestic terrorism. The information will only be relevant depending on the defense Hendrickson chooses to mount. The government declares the evidence relevant to rebut the "claim that she relied in good faith on her husband's teachings in forming her own views about the tax laws." However, the government cannot be certain what her defense will be and out of an abundance of caution the Court will require redaction. Considering the brevity of these references, redacting the documents will not be difficult or burdensome for the government.

If a defense is presented that makes the references relevant, the Court will reconsider the issue at trial.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

DATED: July 18, 2014

4

The undersigned certifies that a copy of this document was served on the attorneys of record and Doreen Hendickson by electronic means or U.S. Mail on July 18, 2014.

s/Linda Vertriest
Deputy Clerk