```
 1                UNITED STATES DISTRICT COURT
 2             FOR THE EASTERN DISTRICT OF MICHIGAN
 3                      SOUTHERN DIVISION
 4
 5   UNITED STATES OF AMERICA,
 6             Plaintiff,                Case No. 13-20371
 7        -vs-
 8                                       Detroit, Michigan
 9   DOREEN HENDRICKSON,                 July 29, 2013
10             Defendant.
11   ------------------------------/
12
13              TRANSCRIPT OF MOTION HEARING
14         BEFORE THE HONORABLE VICTORIA A. ROBERTS
15            UNITED STATES DISTRICT COURT JUDGE
16
17   APPEARANCES:
18   For the Government:         JEFFREY BINDER, ESQ.
19                               Assistant U.S. Attorney
20
21   For the Defendant:          ANDREW WISE, ESQ.
22                               Federal Defender's Office
23
24
25   Proceedings taken by mechanical stenography, transcript
26   produced by computer-aided transcription
```

JANICE COLEMAN, CSR 1095, RPR
OFFICIAL FEDERAL COURT REPORTER
(313) 964-5066

```
 1                      Detroit, Michigan
 2                   Monday, July 29, 2013
 3                    (At about 10:01 a.m.)
 4                            - - -
 5                  (Call to Order of the Court)
```

6          THE CLERK OF THE COURT: The Court calls the case of United States of America versus Doreen Hendrickson, case number 13-20371. Counsel, please state your appearances for the record.

9          MR. BINDER: Good morning. Jeffrey Binder on behalf of the United States.

11         THE COURT:  Good morning.

12         MR. WISE: Good morning, Your Honor. Andrew Wise with the Federal Defender Office on behalf of Mrs. Hendrickson who's standing to my right.

14         THE COURT: Thank you. You can take your seats. This matter is before the Court on Miss Hendrickson's motion to allow her to represent herself with the assistance of Mr. Wise as standby counsel. The Court also has -- which I don't think we noticed for hearing -- Miss Hendrickson's Motion to Dismiss which the Government has responded to. Are you prepared to address that today?

19         MR. BINDER: The Government is prepared to address that today, Your Honor.

21         THE COURT: Mr. Wise?

22         MR. WISE: Your Honor, I think we should probably address the issue of self-representation first. I believe that Miss Hendrickson is not prepared to address the Motion to Dismiss at this time as it wasn't noticed for today.

25         THE COURT: I'll get back to that then. So Miss Hendrickson, good

1  morning.
2  MRS. HENDRICKSON: Good morning.
3  THE COURT: You have filed this motion to represent yourself and you
4  say you believe it is in your best interest to do that, and -- but that you would be best
5  served by representing yourself in conjunction with Mr. Wise. Is that true?
6  MRS. HENDRICKSON: Yes.
7  THE COURT: And Mr. Binder, I don't think the Government responded
8  to this. You don't have an objection to that?
9  MR. BINDER: Not unless -- of course as long as the waiver is knowing
10  and voluntary, the Government has no objection.
11  THE COURT: Thank you. So Miss Hendrickson, let me ask you a few
12  questions. Would you come to the podium? What exactly is Miss Hendrickson
13  charged with?
14  MR. BINDER: Your Honor, she's charged with one count of Criminal
15  Contempt.
16  THE COURT: Thank you. So Miss Hendrickson, we'll place you under
17  oath.
18  **DOREEN HENDRICKSON, SWORN UNDER OATH AT ABOUT 10:05 A.M.**
19  THE COURT: So Miss Hendrickson, would you give me your full name?
20  MRS. HENDRICKSON: Doreen Marie Hendrickson.
21  THE COURT: And Miss Hendrickson, where are you residing now?
22  MRS. HENDRICKSON: In Commerce Township.
23  THE COURT: And you've been there for awhile?
24  MRS. HENDRICKSON: Almost 15 years.
25  THE COURT: And you reside with your husband?

1           MRS. HENDRICKSON: Yes.
2           THE COURT: Anyone else living there with you?
3           MRS. HENDRICKSON: My two kids.
4           THE COURT: And now in conjunction with this motion that you have
5   filed with the Court, have you ever studied law?
6           MRS. HENDRICKSON: Not really studied law, no.
7           THE COURT: What is your familiarity with the law as lawyers or Judges
8   might know the law?
9           MRS. HENDRICKSON: I read a lot of court cases.
10          THE COURT: You read a lot of cases? What kind of cases?
11          MRS. HENDRICKSON: I watch Judge Judy.
12          THE COURT: You watch who?
13          MRS. HENDRICKSON:  Judge Judy.
14          THE COURT:  Judge Judy?  Oh my God!
15          MRS. HENDRICKSON: While I'm fixing dinner.
16          THE COURT: Oh, no.  Well, that certainly isn't going to educate you,
17  and I'm nothing like Judge Judy.
18          MRS. HENDRICKSON: It's entertaining though.
19          THE COURT: It is.  You read a lot of cases that are tax cases or what
20  kind of cases?
21          MRS. HENDRICKSON: And things that I see online if an article interests
22  me.  I read a lot of online magazines.
23          THE COURT: Ah-hum.  Have you ever represented yourself before in a
24  criminal case?
25          MRS. HENDRICKSON: No.

1  THE COURT: What about in a civil case?

2  MRS. HENDRICKSON: Just in traffic court.

3  THE COURT: And what are you charged with?

4  MRS. HENDRICKSON: Criminal Contempt.

5  THE COURT: And this is a felony?

6  MRS. HENDRICKSON: I believe it is.

7  THE COURT: Is it, Mr. Binder?

8  MR. BINDER: Yes, Your Honor. The statute doesn't really prescribe
9  whether it's a misdemeanor or a felony or has a maximum sentence, but the
10  Government would treat this as a felony.

11  THE COURT: And what is the maximum sentence?

12  MR. BINDER: Under the statute it gives the Court a lot of flexibility to
13  fashion an appropriate sentence, so there's really no statutory maximum in this case.

14  THE COURT: Is there a range?  Is there anything?  It doesn't just say
15  the Court can fashion the sentence --

16  MRS. HENDRICKSON: (Interjecting) I couldn't find anything on it.

17  MR. BINDER: No, Your Honor.  The statute doesn't prescribe a
18  minimum or a maximum term of imprisonment or any sort of specific penalty for
19  Criminal Contempt.

20  THE COURT: Really?  So I can give her any amount of time that I want
21  to?

22  MR. BINDER: Yes.  I mean subject I guess to the Court of Appeals' view
23  of the reasonableness of the sentence, yes, Your Honor.  You can give whatever
24  sentence you believe is appropriate and necessary.

25  THE COURT: Are there Guidelines that would apply to this?

1    MR. BINDER: The Guidelines are also a little bit vague.  They say to
2    refer to the most analogous Guidelines that would be similar to what I guess the
3    Contempt charge would be.  In this case, the Government's view would likely be that
4    the Tax Guidelines would be the appropriate analogous Guidelines that should be
5    treated as appropriate in this case for Contempt.
6    THE COURT: So have you pondered what a Guideline range might be
7    here if Miss Hendrickson is found guilty?
8    MR. BINDER: I do not have that in front of me, but I believe it would be
9    less than a year of imprisonment would be within the Guideline.
10   THE COURT: All right.  What about any kind of fine, do you know about
11   that?
12   MR. BINDER: I mean the fine for a felony would be the $250,000.  The
13   Government in this case would likely try to seek restitution in the amount of about
14   20,000 or $25,000, and as a result of probably seeking restitution, the Government
15   would likely not seek a fine in this matter.
16   THE COURT: I'm sorry.  What did you say in restitution?
17   MR. BINDER: Restitution of approximately 20 to $25,000.
18   THE COURT: Thank you, Mr. Binder.  So I wanted to just ask you
19   whether you realized if you were found guilty of this crime what kind of penalty you
20   could face and it sounds like it's a little vague, but if I believe Mr. Binder, it sounds like
21   your Guideline range might not be -- might not exceed a year in prison and the
22   Government would be seeking restitution from you in the amount of 20 to $25,000.  I
23   suppose you could be fined as well.  So I want you to go into this self-representation
24   knowing the penalty that you could face if you're found guilty of this crime.
25   MRS. HENDRICKSON: I do now.  I was the same as you before where

1  it was just all vague.  Everything I looked up on it was very vague.
2              THE COURT: And you realize that if you do represent yourself, you're
3  going to be on your own kind of navigating through the courtroom and the Court won't
4  be able to provide you assistance?  Do you understand that?
5              MRS. HENDRICKSON: Yes, but Mr. Wise will be able to help, right?
6              THE COURT: Are you familiar with the Rules of Evidence?
7              MRS. HENDRICKSON: Not really.
8              THE COURT: Ah-hum.  And what do you envision Mr. Wise's role to be
9  assisting you?
10             MRS. HENDRICKSON: To kind of offer me guidance on the things that I
11 don't know about.  I mean I know about my own views and what allegedly got me
12 here, but the Rules of Evidence and things like that I'm not familiar with.
13             THE COURT: So Mr. Wise, have you served as standby counsel
14 before?
15             MR. WISE: I have, Your Honor.
16             THE COURT: Have you done that in a trial?
17             MR. WISE: I have.
18             THE COURT: And what kind of leeway does a Court give you during a
19 trial?  Do you get the right to object?
20             MR. WISE: Generally speaking, no.  Although it is -- the Courts have or
21 has discretion to limit the role of standby counsel fairly broadly, so I know some
22 Judges in this District when they've appointed standby counsel have basically made
23 counsel sit behind the bar, not at counsel table.  Others allow counsel to sit at counsel
24 table and provide sort of real time advice and consultation.  My research into the
25 subject has indicated that there's very little hard and fast law as to what standby

1  counsel can do and can't do.  It's certainly within the Court's discretion.  I think Mrs.
2  Hendrickson is envisioning a fairly active role for standby counsel in terms of standing
3  by her side and providing her with guidance such as procedural mechanisms,
4  possible objections, but I think that the role I envision is really standing by and
5  providing that kind of advice and letting Mrs. Hendrickson conduct the examination of
6  witnesses, raise objections, things like that.
7            THE COURT: You envision that she would raise objections?
8            MR. WISE: Yes, Your Honor.
9            THE COURT: And not you?
10           MR. WISE: But I would certainly be available to prompt Mrs.
11 Hendrickson if she believed an objection was available.
12           THE COURT: Well, Miss Hendrickson, I'm not sure how active a role I
13 would allow Mr. Wise to have.  I have never conducted a trial with -- one time I did,
14 but that was an anomaly.  I'm not sure how active a role I would allow him to have,
15 even though you may want him to have a more active role than I.  Do you understand
16 that?
17           MRS. HENDRICKSON: Okay.
18           THE COURT: And so I guess what I'm saying to you, you said you're not
19 familiar with the Rules of Evidence, correct?
20           MRS. HENDRICKSON: No, but I could familiarize myself with them.
21           THE COURT: And you're not familiar with the Rules of Criminal
22 Procedure I would assume as well?
23           MRS. HENDRICKSON: I've seen trials.  I have not studied the rules.
24           THE COURT: On television?
25           MRS. HENDRICKSON:  No, not just on television.

1    THE COURT: Well, the point that I'm getting at is that these Rules of
2    Evidence and the Rules of Criminal Procedure are what govern the process during a
3    trial.
4    MRS. HENDRICKSON: Okay.  I can look them up.
5    THE COURT: And I'm not sure how active a role I'm going to allow Mr.
6    Wise to take in asserting your rights under those Rules of Evidence and those Rules
7    of Criminal Procedure, so I want you to understand that his role may be very limited.
8    Your knowledge may be very limited, and he won't be able -- he may not be able to
9    assist you as you would like.  So if you want him to have an active role in raising
10   objections for you and in guiding you through the process, he should be your lawyer,
11   but I'm not going -- I know right now that I'm not going to give him -- I'm not allowing
12   him to act as though he's counsel of record.
13   MRS. HENDRICKSON: Okay.
14   THE COURT: And so if that's what you want him to do, maybe you need
15   to rethink representing yourself.
16   MRS. HENDRICKSON:  No. He can sit next to me though?
17   THE COURT: I don't know.  I'm not going to make that commitment to
18   you right now.  Why do you want to represent yourself?
19   MRS. HENDRICKSON: Because I think I know the facts of my case
20   better than anyone and I know the laws that are applicable to my case and I'm
21   confident that I can do this.
22   THE COURT:  Well, Mr. Wise has practiced in front of me for 15 years.
23   I'm confident that he can learn the facts of your case in time for a trial and on top of
24   knowing the facts very well, with your assistance of course, he knows the law and you
25   don't.  So I just want to make sure you're going into this with eyes wide open because

1  Mr. Wise is a very competent, capable lawyer who will be imminently prepared for trial
2  if it gets that far.
3              MRS. HENDRICKSON: Okay.  I understand that.
4              THE COURT: But you want to represent yourself?
5              MRS. HENDRICKSON: Well, yes.  And I believe the motion says that if
6  at some point I feel I'm in over my head, then I can switch that and just let him take it.
7  That's what the motion says.
8              THE COURT: You will have responsibility for questioning any
9  Government witnesses that are called to the witness stand.
10             MRS. HENDRICKSON: Yes.
11             THE COURT: And if you take the witness stand yourself, you have to
12 present your testimony I think by asking questions of yourself.  Do you understand
13 that?
14             MRS. HENDRICKSON: Yeah.  It seems a little awkward, but yes I do.
15             THE COURT: It does, yeah.
16             MRS. HENDRICKSON: Is it possible at that point if I gave Mr. Wise a list
17 of questions just to make it seem more natural, that he could ask the questions and I
18 could just answer them if I gave him the list?
19             THE COURT: What do you think of that, Mr. Wise?
20             MR. WISE: I would certainly have no objection to doing that with the
21 Court's permission.  What I was going to propose to the Court before it issues any
22 final Orders with respect to the role of standby counsel, I was going to make reference
23 to a law review article by Professor Poulin, P-o-u-l-i-n, that is at the New York
24 University Law Review, June, 2000, page 676 entitled *Role of Standby Counsel in*
25 *Criminal Cases, Into The Twilight Zone of the Criminal Justice System*.  That sort of I

1  think provides a pretty good digest of cases involving standby counsel and the various
2  approaches that Courts have taken. At this point, I'm not really prepared -- I don't feel
3  it's my role to recommend to the Court any particular limitations or not on my role as
4  standby counsel, but certainly I think the Court has broad discretion in that regard.
5              THE COURT:  Mr. Wise, would you expect to file any pleading or papers
6  on behalf of Miss Hendrickson?
7              MRS. HENDRICKSON: Well again, that would depend on how the Court
8  limits my role.  I would be prepared to assist her with that.  I know we had discussed if
9  the Court grants the motion that she's allowed to proceed pro se, requesting that she
10 be allowed to file electronically through the court system and again, in terms of the
11 actual physical filing, I'd be prepared to do that.  I'd be prepared again with the Court's
12 permission if necessary, to file necessary motions.  I know Mrs. Hendrickson certainly
13 wants to be able to file on her own as herself.  So again, I would assist with that and I
14 will follow the Court's lead on that.
15             THE COURT: Well, certainly as I have been intimating, Miss
16 Hendrickson, the Court believes that you would be better served and better defended
17 if Mr. Wise represents you.  In my view it is unwise of you to try to represent yourself.
18 You're not familiar with the law.  You're not familiar with court procedure.  You're not
19 familiar with the Rules of Evidence that would apply here for any court hearing or for
20 trial, and I would urge you and recommend you not represent yourself.  But in light of
21 the penalty that you could suffer if you're found guilty and in light of some of the
22 difficulties that you talked a bit about here this morning, is it still your desire to
23 represent yourself and give up your right to be represented by a lawyer?
24             MRS. HENDRICKSON: Yes.  But are we agreed that I can have Andrew
25 take over if I feel like I can't deal with it or I'm -- bit off more than I can chew?

1   THE COURT: And is your decision entirely voluntary --

2   MRS. HENDRICKSON: Yes.

3   THE COURT: -- On your part?

4   MRS. HENDRICKSON: Yes.

5   THE COURT: So the Court finds that Miss Hendrickson's waiver of the right to be represented by counsel is knowing and voluntary and so I find that Miss Hendrickson has knowingly and voluntarily waived her right to counsel and I will permit her to represent herself with the assistance of Mr. Wise as standby counsel. If Miss Hendrickson decides during the course of any proceeding that she cannot sufficiently or adequately represent herself, then I will visit appointing Mr. Wise as your lawyer.

12  MRS. HENDRICKSON: Thank you.

13  THE COURT: Do you have anything more on this, Mr. Wise?

14  MR. WISE: No, Your Honor.

15  THE COURT: Miss Hendrickson, do you have anything you want to add?

17  MRS. HENDRICKSON: I was curious as to what this does with the dates that we were given initially now?

19  THE COURT: I don't know.  What are the dates?

20  THE CLERK OF THE COURT: We have not set the Motion to Dismiss for hearing yet.

22  MRS. HENDRICKSON: Okay, so we have to do that.

23  THE COURT: So Miss Hendrickson, you're not prepared to talk about your Motion to Dismiss today?

25  MRS. HENDRICKSON: Well, I submitted a reply to it that you don't have

1  yet apparently.
2              THE COURT: I don't have it.  When did you reply?
3              MRS. HENDRICKSON: On Friday.
4              THE COURT: I don't have it yet.  So have other dates been set?
5              THE CLERK OF THE COURT: Yes.  We have a trial date set for August
6  20th.  Actually the plea cutoff is today.
7              THE COURT: And Mr. Binder, have there been any plea discussions?
8              MR. BINDER: There have not, Your Honor.
9              THE COURT: Is that going to happen, Miss Hendrickson?
10             MRS. HENDRICKSON: I didn't have anything planned for it.  He hasn't
11  been in contact with me or Mr. Wise.
12             THE COURT: How does this usually work, Mr. Binder?  Are you waiting
13  for her to approach you or you've got something up your sleeve or what?
14             MR. BINDER: No, nothing up our sleeve, Your Honor.  We would be
15  willing to discuss immediately following this hearing with the Defendant with her
16  standby counsel present possible pretrial resolution of this.  Otherwise, we're
17  prepared to go to trial on August 20th.
18             THE COURT: Are you able, Mr. Wise, to do that with Miss Hendrickson?
19             MR. WISE: Certainly.
20             THE COURT: So Mr. Binder will talk to you about this, but we have got
21  to change these dates.  If you submitted a reply, Miss Hendrickson, I don't -- I've
22  already read the main motion and read the Government's response.  I don't think a
23  hearing will be necessary, but I can let you know if we set it for hearing and so I don't
24  need 30 days to decide this Motion.  I do not, so we can set some more dates.  I don't
25  even know -- it doesn't have to change the trial date.  Do you want it changed?

1    You're not ready?
2              MRS. HENDRICKSON: No, I'm not.
3              THE COURT: When do you want it to be?
4              MRS. HENDRICKSON: I don't know what the norm is.
5              THE COURT: The norm is whatever you set, but if you're telling me you
6    need more time to get ready for trial, I want to know how much more time you think
7    you need?
8              MRS. HENDRICKSON: Can we have another month?
9              THE COURT: So we can go off the record. Carol will give you a new
10   trial date. We'll give you a new plea cutoff date. We'll give you a date where if that is
11   what's going to happen, the plea will be put on the record on that date that we give
12   you, all right? And we'll set a new trial date and you'll have your plea discussions
13   now. Is there anything more that you have, Miss Hendrickson?
14             MR. WISE: Not that I can think of at the moment.
15             THE COURT: Thank you. Mr. Binder, anything more?
16             MR. BINDER: The Government would ask that the Defendant waive the
17   Speedy Trial Act period between today and a new trial date.
18             THE COURT: Can you submit that Order?
19             MR. BINDER: Yes, Your Honor.
20             THE COURT: Thank you. That's it then. Do you have anything more?
21             MR. WISE: Your Honor, just to request from the Court that Mrs.
22   Hendrickson be granted permission to file electronically. The policies and procedures
23   for electronic filing provide that a pro se defendant whose been granted permission
24   may do so. The rules kind of written in a passive voice, so it's not clear to me what
25   exactly kind of permission needs to be granted or by whom, but I assume that

```
 1   permission of a District Judge will do it for the Clerk's Office. I'll contact them to see
 2   what they need and if necessary help Miss Hendrickson submit an appropriate
 3   proposed Order.
 4              THE COURT: Thank you.  Anything more, Miss Hendrickson?
 5              MRS. HENDRICKSON: No.
 6              THE COURT: Thank you.  We're adjourned.
 7              (Proceedings adjourned at about 10:24 a.m.)
 8                                  - - -
```

**COURT REPORTER'S CERTIFICATION**

**JANICE COLEMAN, CSR 1095, RPR**
**OFFICIAL FEDERAL COURT REPORTER**
**(313) 964-5066**

```
 1
 2    STATE OF MICHIGAN)
 3                    ) SS.
 4    COUNTY OF WAYNE )
 5
 6        I, Janice Coleman, Federal Official Court Reporter, in and
 7    for the United States District Court for the Eastern District
 8    of Michigan, do hereby certify that pursuant to Section 753,
 9    Title 28, United States Code, that the foregoing is a true and
10    correct transcript of the stenographically reported proceedings
11    held in this matter and that the transcript page format is in
12    conformance with the regulations of the Judicial Conference of
13    the United States.
14                            /S/ JANICE COLEMAN
15                            JANICE COLEMAN, CSR NO. 1095, RPR
16                            FEDERAL OFFICIAL COURT REPORTER
17
18
19    DATED:  AUGUST 23, 2014
20
21
22
23
24
25
```