UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case No: 13-cr-20371

vs                                         Honorable Victoria A. Roberts

DOREEN HENDRICKSON,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION (Dkt. # 115)**

On November, 14, 2014, the Court entered an Order denying Doreen Hendrickson's Motion to Vacate or for a New Trial (Dkt. # 103). On December 1, 2014, Hendrickson filed a motion for reconsideration, claiming the Court erred when it declined to grant her motion. The Court **DENIES** Hendrickson's motion.

Local Rule 7.1(h)(3) provides the Court's standard of review:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a

1

significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.*

Moreover, motions for reconsideration neither allow the losing party to raise new legal theories that should have been raised earlier, nor allow the losing party to attempt to supplement the record with previously available evidence. *See, Gowens v. Tidwell,* No. 10-10518, 2012 WL 4475352, at *2 (E.D. Mich. Sept. 27, 2012) *quoting Tolbert v. Potter,* 206 Fed. App'x 416, 417–18 (6th Cir.2006) ("We also note that the district court did not abuse its discretion in refusing to grant Plaintiff's motion for reconsideration because the evidence Plaintiff wanted the district court to consider was available at the time the summary judgment motion was decided, and would not have affected the outcome even if considered").

Hendrickson fails to show a palpable defect that if corrected would result in a different outcome. She rehashes the same arguments and accusations that were presented in her original motion.

Hendrickson claims that the Court overlooked an argument in her motion. The Court did consider all arguments made in her motion and responded accordingly. Hendrickson's argument about the comprehensibility of Edmund's Order was addressed in the Order. As noted, there was evidence that Hendrickson relied upon theories contained in Cracking the Code. Consequently, a reasonable jury could make that conclusion.

For one particular argument, Hendrickson finally attaches the questions that were allegedly omitted during her direct examination. Now - in the eleventh hour, - and through a motion for reconsideration, Hendrickson attaches the questions. As the Court

noted before, these questions should have been brought to the Court's attention when the omission occurred, or, at the very least, Hendrickson should have attached the questions to her Motion to Vacate or for a New Trial. Since Hendrickson failed to do either, the Court will not consider them.

Moreover, Hendrickson again argues standby counsel prevented her from reading cases and giving her interpretation of case law. The Court found this was not an error, and it does not find this conclusion to be a palpable defect. In fact, exclusion of such testimony was warranted. "Legal opinions, when offered by a non-lawyer lay witness, are both incompetent and unpersuasive." *Park W. Galleries, Inc. v. Global Fine Art Registry, LLC*, No. 2:08-CV-12247, 2010 WL 891695, at *2 (E.D. Mich. Mar. 8, 2010) citing *U.S. v. Canipe,* 569 F.3d 597, 603 (6th Cir.2009). *See also, Torres v. County of Oakland,* 758 F.2d 147, 150 (6th Cir.1985) ("The problem with [lay witness] testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This "invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law."). Hendrickson was prevented from presenting case law during her closing argument out of fear that it would cause confusion and interfere with the jury instructions. If the questions were asked during her direct examination, the Court would have prevented Hendrickson from giving legal opinions. Hendrickson fails to demonstrate how her inability to present case law during her direct examination results in error, or how the Court's denial of this argument is a palpable defect.

Hendrickson's motion for reconsideration is **DENIED.**

**IT IS ORDERED**.

                                            S/Victoria A. Roberts
                                            Victoria A. Roberts
                                            United States District Judge

Dated: December 4, 2014

> The undersigned certifies that a copy of this document was served on the attorneys of record and Doreen Hendrickson by electronic means or U.S. Mail on December 4, 2014.
>
> s/Linda Vertriest
> Deputy Clerk

4