

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 13-cr-20371 |
| | : | Judge Roberts |
| DOREEN HENDRICKSON, | : | |
| | : | |
| Defendant. | : | |

### DOREEN HENDRICKSON'S MOTION FOR A CONTINUANCE

Doreen Hendrickson respectfully Moves the Court for a continuance of the currently-scheduled sentencing date in the above-captioned matter. She urges the Court to see the granting of this Motion as being in the interest of justice, fair play, and respect for Mrs. Hendrickson's rights to the effective assistance of counsel of her choice, for the reasons below and as more fully laid-out in the accompanying brief.

Mrs. Hendrickson finds herself overwhelmed by the vagueness and intricacies of the sentencing arguments, process, considerations and calculations. Having succeeded in coming to acceptable terms with an attorney in whom she is able to repose confidence, Mrs. Hendrickson is electing to exercise her right to representation for purposes of this proceeding, as reserved in *Farretta* proceedings before this Court, and as explicitly agreed-to by the Court.

However, as indicated in the letter attached as Exhibit 2, the attorney, Mr. Mark Cedrone, needs a brief period in which to properly familiarize himself with the case and prepare for a hearing, as well as to deal with prior existing commitments. Mrs. Hendrickson respectfully asks the Court to reschedule the date of sentencing accordingly, in the interest of justice.

Melissa Siskind, speaking for the United States, has indicated opposition to a continuance. Perhaps she sees Mrs. Hendrickson's conundrum as an opportunity to gain an unfair advantage over an untrained and inexperienced opponent.

Ms. Siskind has possibly forgotten that when she and her co-counsel asked the Court for an eight-and-a-half month continuance for the purely personal indulgences of maternity leave and a vacation, respectively, Mrs. Hendrickson generously and courteously consented, even though she had an absolute right to thwart these requests by insisting on a speedy trial. The Court was also not hesitant to grant Ms. Siskind's and Mr. McClellan's requests, despite there being no issue of law or justice at stake whatsoever.

Here, justice and law *are* the issues. Mrs. Hendrickson asks the Court to afford her a fair opportunity to deal with the remaining proceedings in this case in the best way she is able, as requested in this Motion.

In the *Faretta* proceedings conducted before trial in July, the Court explicitly agreed that Mrs. Hendrickson could change her mind and revert to a representative at

any time. Mrs. Hendrickson proceeded on the basis of that assurance. At that time, it was imagined that in the event of Mrs. Hendrickson making that election, standby counsel Wise would be an acceptable party to step in and become Mrs. Hendrickson's representative.

Since then, however, Mr. Wise has lost Mrs. Hendrickson's confidence and cannot fulfill that role, and on December 3, 2014, the Court refused Mrs. Hendrickson's November 24, 2014 request to replace Mr. Wise with an alternative standby counsel who Mrs. Hendrickson might have found to be acceptable for actual representation. Mrs. Hendrickson was therefore compelled to seek out acceptable representation on her own, has done so, and now simply needs a reasonable accommodation in order to properly go forward.

Respectfully submitted this 8th day of December, 2014,

Doreen Hendrickson, *in propria persona*
232 Oriole Rd., Commerce Twp., Mich. 48382
248-366-6858
doreen@losthorizons.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 13-cr-20371 |
| DOREEN HENDRICKSON, | : | |
| Defendant. | : | |

**BRIEF IN SUPPORT OF DOREEN HENDRICKSON'S MOTION FOR A CONTINUANCE**

CONTENTS

Table of Authorities ................................................................................................ i

Statement of Issues ................................................................................................ ii

Controlling Authorities ......................................................................................... iii

Argument ................................................................................................................ 1

I. Introduction ........................................................................................................ 1

II. Mrs. Hendrickson's Right to Counsel of Her Choice ...................................... 2

III. Authority Regarding Continuances ................................................................ 3

Conclusion .............................................................................................................. 5

TABLE OF AUTHORITIES

**Cases**

*Abby v. Howe*, No. 12-1437 (Sixth Cir. 2014) ...................................................... 4

*Morris v. Slappy*, 461 U.S. 1 (1983) ............................................................... iii, 3,4

i

*Powell v. Alabama*, 287 U. S. 45 (1932) .................................................................. 3

*United States v. Frost*, 914 F.2d 756 (6th Cir. 1990) ................................................ 3

*United States v. Gallo*, 763 F.2d 1504 (6th Cir. 1985) ............................................. 3

*United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) ................................. iii, 2, 4

*United States v. Wirsing*, 719 F.2d 859 (6th Cir. 1983) ........................................... 3

*Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985) .............................................. 3

**Fundamental Law**

Sixth Amendment to the United States Constitution ......................................... iii, 4

**Other Authorities**

Local Rules Rule 40.2 ......................................................................................... iii, 3

## STATEMENT OF ISSUES

Doreen Hendrickson reserved her right to revert to representation at any point in proceedings in this case at which she "feel[s] overwhelmed," a reservation to which the Court explicitly agreed, and on the basis of which Mrs. Hendrickson proceeded with self-representation up to this point. She now elects to exercise her rights to assistance of counsel, to counsel of her choice, and to effective assistance, and Moves the Court for a continuance of its schedule necessary for her to effectively do so.

## CONTROLLING AUTHORITY

The issues addressed here are most closely controlled by the Sixth Amendment to the United States Constitution, *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), *Morris v. Slappy*, 461 U.S. 1, (1983) and Local Rule 40.2.

iii

# ARGUMENT

## I. Introduction

The sentencing hearing in the above-captioned case is currently scheduled to take place on December 10, 2014. Although Doreen Hendrickson has made every effort to deal with filings and preparation for that hearing, she finds herself overwhelmed by the vagueness and intricacies of the sentencing arguments, process, considerations and calculations.

Accordingly, Mrs. Hendrickson is electing to exercise her right to representation for purposes of this proceeding, which she reserved in *Farretta* proceedings before this Court, and which was explicitly agreed-to by the Court. See Exhibit 1, transcript pages from the July 29, 2013 and July 21, 2014 *Faretta* hearings in this case.

Mrs. Hendrickson proceeded on the basis of that reservation of rights and the Court's agreement. At that time, it was imagined that in the event of Mrs. Hendrickson making that election, standby counsel Wise would be an acceptable party to step in and become Mrs. Hendrickson's representative.

Since then, however, Mr. Wise has lost Mrs. Hendrickson's confidence and cannot fulfill that role, and the Court has refused to replace Mr. Wise with an alternative standby counsel who Mrs. Hendrickson might have found to be acceptable for actual representation, as she had requested. Mrs. Hendrickson was therefore compelled to seek out acceptable representation on her own, has done so, and now simply needs a reasonable accommodation in order to properly go forward.

1

As indicated in the letter attached as Exhibit 2, the attorney, Mr. Mark Cedrone, needs a brief period in which to properly familiarize himself with the case and prepare for a hearing, as well as to deal with prior existing commitments. Consequently, Mrs. Hendrickson respectfully asks the Court through the accompanying Motion to reschedule the date of sentencing in the interest of justice.

## II. <u>Mrs. Hendrickson's Right to Counsel of Her Choice</u>

Mrs. Hendrickson asserts that her right to counsel is a right to counsel of her choice. In 2006 the United States Supreme Court declared this explicitly, in *United States v. Gonzalez-Lopez*:

> "[The Sixth Amendment] commands ... that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel he believes to be best." "In sum, the right at stake here is the right to counsel of choice..." "The right to select counsel of one's choice [is] regarded as the root meaning of the constitutional guarantee."

*United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)

The *Gonzalez-Lopez* court goes on to declare the deprivation of counsel of choice to be a structural error, that is, an invariably fatal defect subject to no "harm" analysis:

> "We have little trouble concluding that erroneous deprivation of the right to counsel of choice, "with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.' " (Quoting *Sullivan v. Louisiana*, 508 U. S. 275 (1993)).

*Id.*

2

This recent and unequivocal holding by the court cites-to and echoes the court's pronouncement that a defendant should be afforded a fair opportunity to secure counsel of her own choice:

> "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice".

*Powell v. Alabama*, 287 U. S. 45, 53 (1932)

Here, Mrs. Hendrickson simply asks for that fair opportunity to be afforded her.

### III.    Authority Regarding Continuances

E.D. Mich. LR 40.2 provides as follows:

Counsel or any party without counsel shall be prepared and present themselves as ready in all cases set for trial or for pretrial on the date set unless, on timely application and good cause shown, the cases are continued. Where application is made for the continuance of the trial of a case, such application shall be made to the Court as soon as the need arises.

Whether to grant a motion to continue is within the broad discretion of the district court. See, e.g., *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983); *United States v. Frost*, 914 F.2d 756, 764-65 (6th Cir. 1990); *United States v. Gallo*, 763 F.2d 1504, 1523 (6th Cir. 1985), cert, denied, 474 U.S. 1068 (1986); *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985); and *United States v. Wirsing*, 719 F.2d 859, 865 (6th Cir. 1983). However, denial of a motion to continue will be found to be an abuse of discretion when the court exhibits "an unreasoning and arbitrary insistence upon

3

expeditiousness in the face of a justifiable request for a delay." *Slappy*, 461 U.S. at 11-12.

As noted above, Mrs. Hendrickson's request for delay is not only justifiable, it is the only way in which her rights guaranteed under the Sixth Amendment can be meaningfully enjoyed. For Mrs. Hendrickson to be only allowed to exercise her rights to revert to representation and to representation of her choice without a continuance in which her chosen counsel can prepare himself would be to deny her another Sixth Amendment right-- the right to *effective* counsel.

In *Abby v. Howe*, in 2014, the Sixth Circuit explicitly adopts the holding in *Gonzalez-Lopez* and that of *Morris v. Slappy* explicitly in the context of the right to counsel of choice:

> "The Sixth Amendment "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Gonzalez–Lopez*, 548 U.S. at 144 (quotation omitted). This right is distinct from the generalized due process right to a fair trial. Id. at 147. Deprivation of the right is complete when a defendant is erroneously denied counsel of choice; he need not show prejudice or demonstrate that the counsel he received was ineffective. *Id.* at 148."
> ...
> "[The discretion that trial courts hold over the calendars] is not limitless, however; 'an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel.' *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964))."

*Abby v. Howe*, No. 12-1437 (Sixth Cir. 2014)

4

## CONCLUSION

For the reasons stated herein, Mrs. Hendrickson respectfully requests that the Court grant this Motion and order a continuance of the sentencing hearing schedule in order to accommodate the reasonable needs of her counsel of choice.

Respectfully submitted,

Doreen Hendrickson, *in propria persona*
232 Oriole Rd., Commerce Twp., Mich. 48382
248-366-6858
doreen@losthorizons.com

5

## CERTIFICATE OF SERVICE

I hereby certify that this day a true and correct copy of the foregoing **MOTION** was served via U.S. first-class mail upon the following counsel:

>Melissa Siskind
>U.S. Department of Justice
>Tax Division
>P. O. Box 972, Ben Franklin Station
>Washington DC, 20044

Dated: 12/08/14

_____
Doreen M. Hendrickson

# EXHIBIT 1

July 29, 2013 Hearing Transcript
    Page 10, Lines 5 - 7
    Page 11, Lines 24 - 25

July 21, 2014 Trial Transcript - Volume One
    Page 7, Lines 1- 3

```
                     UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF MICHIGAN

                           SOUTHERN DIVISION



   UNITED STATES OF AMERICA,

                Plaintiff,              Case No. 13-20371

        -vs-

                                        Detroit, Michigan

   DOREEN HENDRICKSON,                  July 29, 2013

                Defendant.

   ------------------------------/



                     TRANSCRIPT OF MOTION HEARING

               BEFORE THE HONORABLE VICTORIA A. ROBERTS

                  UNITED STATES DISTRICT COURT JUDGE



   APPEARANCES:

   For the Government:            JEFFREY BINDER, ESQ.

                                  Assistant U.S. Attorney


   For the Defendant:             ANDREW WISE, ESQ.

                                  Federal Defender's Office




   Proceedings taken by mechanical stenography, transcript

   produced by computer-aided transcription
```

2:13-cr-20371-VAR-LJM Doc # 119 Filed 12/08/14 Pg 15 of 20 Pg ID 2490

10

1  Mr. Wise is a very competent, capable lawyer who will be imminently prepared for trial
2  if it gets that far.
3           MRS. HENDRICKSON: Okay. I understand that.
4           THE COURT: But you want to represent yourself?
5           MRS. HENDRICKSON: Well, yes. And I believe the motion says that if
6  at some point I feel I'm in over my head, then I can switch that and just let him take it.
7  That's what the motion says.
8           THE COURT: You will have responsibility for questioning any
9  Government witnesses that are called to the witness stand.
10          MRS. HENDRICKSON: Yes.
11          THE COURT: And if you take the witness stand yourself, you have to
12 present your testimony I think by asking questions of yourself. Do you understand
13 that?
14          MRS. HENDRICKSON: Yeah. It seems a little awkward, but yes I do.
15          THE COURT: It does, yeah.
16          MRS. HENDRICKSON: Is it possible at that point if I gave Mr. Wise a list
17 of questions just to make it seem more natural, that he could ask the questions and I
18 could just answer them if I gave him the list?
19          THE COURT: What do you think of that, Mr. Wise?
20          MR. WISE: I would certainly have no objection to doing that with the
21 Court's permission. What I was going to propose to the Court before it issues any
22 final Orders with respect to the role of standby counsel, I was going to make reference
23 to a law review article by Professor Poulin, P-o-u-l-i-n, that is at the New York
24 University Law Review, June, 2000, page 676 entitled *Role of Standby Counsel in*
25 *Criminal Cases, Into The Twilight Zone of the Criminal Justice System.* That sort of I

JANICE COLEMAN, CSR 1095, RPR
OFFICIAL FEDERAL COURT REPORTER
(313) 964-5066

1  think provides a pretty good digest of cases involving standby counsel and the various
2  approaches that Courts have taken. At this point, I'm not really prepared -- I don't feel
3  it's my role to recommend to the Court any particular limitations or not on my role as
4  standby counsel, but certainly I think the Court has broad discretion in that regard.
5      THE COURT: Mr. Wise, would you expect to file any pleading or papers
6  on behalf of Miss Hendrickson?
7      MRS. HENDRICKSON: Well again, that would depend on how the Court
8  limits my role. I would be prepared to assist her with that. I know we had discussed if
9  the Court grants the motion that she's allowed to proceed pro se, requesting that she
10 be allowed to file electronically through the court system and again, in terms of the
11 actual physical filing, I'd be prepared to do that. I'd be prepared again with the Court's
12 permission if necessary, to file necessary motions. I know Mrs. Hendrickson certainly
13 wants to be able to file on her own as herself. So again, I would assist with that and I
14 will follow the Court's lead on that.
15     THE COURT: Well, certainly as I have been intimating, Miss
16 Hendrickson, the Court believes that you would be better served and better defended
17 if Mr. Wise represents you. In my view it is unwise of you to try to represent yourself.
18 You're not familiar with the law. You're not familiar with court procedure. You're not
19 familiar with the Rules of Evidence that would apply here for any court hearing or for
20 trial, and I would urge you and recommend you not represent yourself. But in light of
21 the penalty that you could suffer if you're found guilty and in light of some of the
22 difficulties that you talked a bit about here this morning, is it still your desire to
23 represent yourself and give up your right to be represented by a lawyer?
24     MRS. HENDRICKSON: Yes. But are we agreed that I can have Andrew
25 take over if I feel like I can't deal with it or I'm -- bit off more than I can chew?

```
                    UNITED STATES DISTRICT COURT

                 FOR THE EASTERN DISTRICT OF MICHIGAN

                           SOUTHERN DIVISION



 UNITED STATES OF AMERICA,

                                          Case No. 13-20371

      -vs-

 DOREEN HENDRICKSON,                      Detroit, Michigan

              Defendant.                  July 21, 2014
 ------------------------------/

              TRANSCRIPT OF TRIAL - VOLUME ONE

                      (JURY VOIR DIRE)

            BEFORE THE HONORABLE VICTORIA A. ROBERTS

         UNITED STATES DISTRICT COURT JUDGE, and a Jury.



 APPEARANCES:


 For the Government:          Melissa Siskind, Esq.

                              Jeffrey McLellan, Esq.


 For the Defendant:           Doreen Hendrickson, Pro Per

 Standby Counsel:             Andrew Wise, Esq.



 Proceedings taken by mechanical stenography, transcript

 produced by computer-aided transcription
```

1   MRS. HENDRICKSON: Yes. As I understand it though, I'm allowed to
2   let him take over if I feel overwhelmed?
3   THE COURT: Yes. Mr. Wise, are you prepared to do that?
4   MR. WISE: Yes, Your Honor.
5   THE COURT: Thank you. So this Court, based on the responses that
6   Miss Hendrickson has provided, I do find that Miss Hendrickson has knowingly and
7   voluntarily waived the right to counsel and the Court will therefore allow Miss
8   Hendrickson to proceed in this trial with Mr. Wise acting as standby counsel.
9   Thank you.
10  So we have called for the Jury which should be up momentarily. Let me just
11  take care of a few things.
12  I did see Miss Hendrickson's Witness List and the Witness List filed by the
13  Government. Miss Siskind, are there any Government witnesses in court right now?
14  MS. SISKIND: No, Your Honor.
15  THE COURT: Thank you. And Miss Hendrickson, are there any of your
16  proposed witnesses in court right now?
17  MRS. HENDRICKSON: Two.
18  THE COURT: And who are they?
19  MRS. HENDRICKSON: Dr. Belcher and Brian Wright. Oh, sorry -- three
20  -- and Hal O'Boyle.
21  THE COURT: Dr. Greg Belcher?
22  MRS. HENDRICKSON: And who else?
23  MRS. HENDRICKSON: Brian Wright and Hal O'Boyle.
24  THE COURT: Harold O'Boyle?
25  MRS. HENDRICKSON: Yes.

# EXHIBIT 2

Mark Cedrone Letter, dated December 5, 2014



CEDRONE & MANCANO, LLC
ATTORNEYS AT LAW

MARK E. CEDRONE

MEC@CEDRONE-MANCANO.COM
TEL 215 925 2500  FAX 215 925 6471
WWW.CEDRONE-MANCANO.COM

123 SOUTH BROAD STREET  SUITE 810
PHILADELPHIA, PENNSYLVANIA 19109

December 5, 2014

*Via E-Mail*

Doreen Hendrickson
232 Oriole Road
Commercetown, MI 48382

      RE:   *United States v. Doreen Hendrickson*
             Case No. 13-CR-20371 (E.D. Mich.)

Dear Doreen:

      I write to confirm our discussions concerning your intention to retain me to represent you for purposes of sentencing in the above-captioned matter. I am prepared to assume responsibility for representing you in the above-captioned matter. As we discussed, however, I cannot get involved if sentencing proceeds as currently scheduled (for some time next week). Assuming you can secure a continuance of sentencing, I will enter my appearance and then open discussions with the Court and the government concerning when I can be prepared to proceed with sentencing on your behalf. If, for some reason, you cannot secure a continuance, I will not be able to represent you and you will have to proceed however current circumstances allow/provide.

      Under no circumstances can I become involved in your case on such short notice. In fact, based on everything I know, as well as my other long-standing professional commitments, I suspect I will be asking that sentencing be postponed for at least six to eight weeks.

      As I told you when we spoke, I cannot enter my appearance and then request a continuance. If, for some reason, the Court does not grant the continuance, I would then be obliged to comply with the current schedule, which would be impossible. I therefore suggest that you request a continuance and attach this letter to such a request. In the meantime, I will contact government counsel and advise of my intention to become involved (assuming the Court is willing to continue the matter).

      Should you or government counsel (who is copied on this letter), have any questions, feel free to contact me.

Sincerely,

*[signature]*

MARK E. CEDRONE

MEC:rc

cc:    Melissa S. Siskind, AUSA *(via e-mail)*