UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No: 13-cr-20371
    Honorable Victoria A. Roberts

DOREEN HENDRICKSON,

    Defendant.
_____/

**ORDER DENYING DEFENDANT DOREEN HENDRICKSON'S AMENDED MOTION FOR MODIFICATION OF RELEASE CONDITIONS (DOC. # 130).**

Defendant Doreen Hendrickson ("Hendrickson") filed an amended motion for Modification of Release Conditions (Doc. # 130). Hendrickson says the Court's bond condition that she file amended tax returns for years 2002 and 2003 in compliance with Judge Edmunds' Order is a violation of 18 U.S.C. §§ 3142 and 3143 and violates her Fifth Amendment privilege against self-incrimination.

The Motion is fully briefed and **DENIED**.

Hendrickson was tried and convicted of criminal contempt under 18 U.S.C. § 401(3) for failing to comply with an injunctive court order entered by Judge Edmunds in a 2007 civil action ("Edmunds' Order"). Edmunds' Order required Hendrickson to file corrected tax returns for years 2002 and 2003, and refrain from filing false tax returns in the future.

Hendrickson was sentenced on April 9, 2015 to 18 months in prison. In its Judgment, the Court delayed execution of Hendrickson's sentence and gave her 60

1

days to self-report to the institution designated by the Bureau of Prisons ("BOP"). The Court instructed Hendrickson to properly file amended tax returns for years 2002 and 2003 30 days after sentencing. The Judgment stated that if Hendrickson did not intend to file the corrected tax returns within the 30 days, she needed to inform the Court in writing, and the Court would direct the United States Marshal Service to immediately detain her so she can begin serving her sentence.

Hendrickson says requiring her to file 2002 and 2003 amended tax returns is an improper bond condition. She says the requirement has nothing to do with ensuring she will report to the BOP, or protecting the safety of the community.

18 U.S.C. §§ 3142 and 3143 govern the release or detention of convicted defendants pending execution of their sentence. Under § 3143, a judicial officer shall order a person who has been found guilty of an offense detained, unless the officer finds by clear and convincing evidence that the person will not flee or pose a danger to the safety of another or the community. 18 U.S.C. § 3143(a). Upon such a finding, the judicial officer shall order the release of the person in accordance with § 3142(b) or (c). *Id.* 18 U.S.C. Sections 3142(b) and 3142(c) require, among other things, that the person not commit a Federal, State, or local crime during the period of release. Thus, ensuring the appearance of a defendant and protecting the safety of a community are not the only "sole issue[s] of concern" in granting a defendant bond; the court must direct the person to follow the law.

The Court's requirement that Hendrickson file the amended returns is the equivalent of the Court requiring Hendrickson to obey the law. The language of the Court's bond condition was directly from Judge Edmunds' Order that required

2

Hendrickson to file amended 2002 and 2003 tax returns. An "order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Edmunds' Order is valid; it has not been reversed or deemed unlawful. Despite Hendrickson's wishes, she still has a duty to abide by Edmunds' Order, even if she disagrees with its contents and plans to appeal her conviction. Requiring Hendrickson to follow the law - Judge Edmunds' Order - is not an improper bond condition; it is a required condition.

The Court is not persuaded by Hendrickson's long colloquy that requiring her to abide by the law violates her Fifth Amendment right against self-incrimination. In sum, Hendrickson says she fears prosecution, and if "compelled" by the Court to file the amended returns, the Government could use the filing against her.

The Fifth Amendment says no person "shall be compelled in any criminal case to be a witness against himself, U.S. Const. amend. V. "The central standard for the application of the Fifth Amendment privilege against self incrimination is whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." *United States v. Argomaniz*, 925 F.2d 1349, 1353 (11th Cir.1991). The Fifth Amendment protects a taxpayer from disclosing the source of his income, but it does not protect her from disclosing the amount of her income. *Aune v. United States*, 582 F.Supp. 1132, 1134 (D.C.Ariz. 1984). The privilege does not justify an outright refusal to file an income tax return. *United States v. Heise*, 709 F.2d 449, 450 (6th Cir. 1983).

Edmunds' Order directs Hendrickson to report her income for 2002 and 2003.

3

The Fifth Amendment does not prevent disclosure of that information. Hendrickson's fear of prosecution or other collateral consequences as a result of filing the returns is misguided. She was already prosecuted and convicted for failure to file. Thus, Hendrickson should really fear prosecution or other collateral consequences as a result of failing to file the returns -  the same conduct that formed the basis for her current conviction - rather than fear reprisal for actually filing them.

Hendrickson also argues that filing the amended tax returns may impact her appeal because the filings could be used as evidence of wilfulness for criminal contempt. She says:

> The nature of the contempt charges that resulted in Mrs. Hendrickson's conviction - at least with respect to the allegation that she was in contempt for failing to file 2002 and 2003 returns as directed by Judge Edmunds' Order - hinge on the argument that in filing the amended returns in the manner that she did in 2010 and 2011, Mrs. Hendrickson willfully violated the Court's Order. Were Mrs. Hendrickson now to file amended returns as directed by the court, this filing could be introduced at a later proceeding as evidence proving that her amended returns filed in 2010 and 2011 were, in fact, knowingly and willfully submitted in violation of Judge Edmunds' Order, and/or were perjurious.

This argument is unpersuasive. Hendrickson's conviction - at least with respect to the allegation that she was in contempt for failing to file 2002 and 2003 returns in accordance with Edmunds' Order - does not hinge on her 2010 and 2011 filings. It hinges on the fact that by June 1, 2007, Hendrickson did not file the amended tax returns as directed by Judge Edmunds, and she has yet to file these returns. The Court finds it odd that Hendrickson would argue that filing the returns and actually complying with Edmunds' Order could be used as evidence of wilfulness.

Hendrickson's motion reveals that she believes she has a right to remain out on bond. But, "Bail after conviction is not a matter of constitutional right. It is a matter of

4

judicial grace." *Green v. State of Me.*, 113 F. Supp. 253, 256 (D. Me. 1953). The Court was not required to grant Hendrickson the privilege of self-reporting in 60 days. Whether Hendrickson wants to comply with the condition that would allow her to remain on bond for 60 days rather than 30 is really up to her. She can choose to comply or not. The bottom line is this: Hendrickson has until May 9, 2015 to file her amended taxes in accordance with the Court's Judgment.

    **IT IS ORDERED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: May 4, 2015

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 4, 2015.

S/Carol A. Pinegar
Deputy Clerk

---

5