UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                    Case No: 13-cr-20371
                                                    Hon. Victoria A. Roberts

DOREEN HENDRICKSON,

    Defendant.
    _____/

**ORDER DENYING DEFENDANT DOREEN HENDRICKSON'S
MOTION FOR RELEASE PENDING APPEAL (DOC. # 132)**

## I. INTRODUCTION

Doreen Hendrickson ("Hendrickson") filed a Motion for Release Pending Appeal. The Motion is fully briefed and **DENIED**.

## II. BACKGROUND

A jury convicted Hendrickson of criminal contempt under 18 U.S.C. § 401(3), for failing to comply with an injunctive order entered by Judge Edmunds in a 2007 civil action ("Edmunds' Order"). Edmunds' Order required Hendrickson to file corrected tax returns for years 2002 and 2003, and refrain from filing future false returns. On April 9, 2015, the Court sentenced Hendrickson to 18 months in prison.

In this Motion for Release Pending Appeal, Hendrickson raises three arguments: (1) the Court erred by failing to require unanimity on the means by which Hendrickson committed contempt; (2) Hendrickon's Sixth Amendment rights were violated when standby counsel refused to ask her certain questions on direct examination; and (3) the

1

Court incorrectly calculated Hendrickson's sentencing guidelines.

### III. STANDARD OF REVIEW

Before releasing a defendant on bond pending appeal, a district court is required to make two findings. *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985). First, by clear and convincing evidence, the court must find that the convicted person will not flee or pose a danger to the community. 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that the appeal is not to delay, and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence without a term of imprisonment, or a sentence reduction to a term of imprisonment less than the time already served plus the expected duration of the appeal process. *Id.* § 3143(b)(1)(B). An "appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182. (citation and quotation marks omitted).

### IV. DISCUSSION

#### A. Failure to Give Unanimous Specific Jury Instruction

Hendrickson says the Court erred by failing to instruct the jury that it must unanimously agree on the manner in which Hendrickson violated Edmunds' Order. She says Edmunds' Order was really two injunctions containing separate and distinct acts that were marginally related and separated by time. Hendrickson also says the Indictment alleged that she violated Edmunds' Order by committing two contradictory

acts: Hendrickson had to actively file two amended tax returns, but refrain from filing false tax returns. Hendrickson says the instruction should have directed the jury to be unanimous as to the conduct that amounted to contempt.

The jury instructions stated:

> Your verdict, ladies and gentleman, whether it is guilty or not, must be unanimous. . . The Indictment accuses the Defendant of committing the crime of Contempt in more than one possible way. The first is that she filed a 2008 U.S. Individual Income Tax Return for single and joint filers with no dependents, Form 1040-EZ which falsely reported that she earned zero wages in 2008. The second is that she failed to file with the IRS amended U.S. Individual Tax Returns for 2002 and 2003. The Government does not have to prove both of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all 12 of you must agree that at least one of these has been proved. However, all of you need not agree that the same one has been proved.

Trial Tr. vol. V, at 98 - 99.

This instruction was not erroneous. Only a general unanimity instruction is required - even if an indictment count provides multiple factual bases under which a conviction could rest. A specific unanimity instruction is required when "the alternative specifications are contradictory or only marginally related to each other." *United States v. Damra*, 621 F.3d 474, 504-05 (6th Cir. 2010).

Contrary to Hendrickson's claim, Edmunds' Order was a single injunction that contained two directives: (1) file amended tax returns for years 2002 and 2003; and (2) refrain from filing tax returns containing similar false information like those she filed in 2002 and 2003. In essence, Edmunds' Order required Hendrickson to fix her previous error of filing false tax returns, and refrain from committing that error again. The underlying conduct - filing false tax returns - is the basis of Edmunds' Order and linked the two prongs of Edmunds' Order. The Indictment simply tracked Hendrickson's habit

3

of filing and failing to correct false tax returns. Therefore, a specific unanimity instruction was not required; the manners in which the Government alleged Hendrickson committed criminal contempt were not contradictory and were related to each other. *Damra*, 621 F.3d at 504-05.

### B. Standby Counsel Did Not Commit A *Faretta* Violation

Hendrickson says standby counsel, Andrew Wise, violated her Sixth Amendment right to self-representation by failing to ask Hendrickson certain questions during her direct examination. For the first time, Hendrickson now says "[a]fter [standby counsel] failed to ask these questions, Mrs. Hendrickson quietly turned to the Court and asked to speak with standby counsel, but the Court refused this request." (Doc. # 132 at 24).

A criminal defendant's rights to self-representation is violated when, over the defendant's objection, standby counsel makes or substantially interferes with significant tactical decisions, speaks instead of the defendant on matters of importance, or controls the questioning of witnesses. *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984).

Hendrickson's Sixth Amendment right to self-representation was not violated. The Court addressed this issue in its Order Denying Hendrickson's Motion To Vacate or for a New Trial (Doc. # 112) and in its Order Denying Hendrickson's Motion for Reconsideration (Doc. # 118). Consequently, the Court will not spend much time restating its conclusion that no *Faretta* violation occurred. See, *Faretta v. California*, 422 U.S. 806, 819 (1975)(a criminal defendant has a Sixth Amendment right to proceed *pro se.*).

Hendrickson never attempted to inform the Court that standby counsel omitted questions until after a jury lawfully convicted her. Nothing in the record indicates

4

Hendrickson "quietly turned to the Court and asked to speak with standby counsel, but the Court refused this request." (Doc. 132 at 24). The record does reflect that immediately after standby counsel questioned Hendrickson, there was a sidebar. During the sidebar the Government wanted to introduce into evidence Peter Hendrickson's prior criminal convictions. Hendrickson was present and actively participating in the sidebar conference. Not once during the sidebar did Hendrickson mention to the Court the omitted questions. Trial Tr. vol. IV, at 103 - 108.

Hendrickson's failure to inform the Court of standby counsel's omission suggests acquiescence in standby counsel's decision. "a *pro se* defendant's ... acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably." *McKaskle,* 465 U.S. at 182. Hendrickson cannot claim now that her rights were violated when she sat idly by and allowed it to happen. Hendrickson had many opportunities to bring attention to these omitted questions, but failed to do so. Accordingly, standby counsel's alleged omission was not a violation of Hendrickson's *Faretta* rights.

    **C.**    **Court's Application of Sentencing Guidelines**

Hendrickson says the Court erred by misapplying the sentencing guideline for amount of loss under 2T1.1.

Criminal contempt does not have its own sentencing guideline. The Court is instructed to apply the most analogous offense. The most analogous offense was failing to file a tax return under 26 U.S.C. § 7203. The sentencing guideline for failing to file a tax return is 2T1.1. In determining the tax loss under 2T1.1, the Court looked to 2T1.1(c)(4); it says that in cases involving improperly claimed refunds, "the tax loss is

5

the amount of the claimed refund to which the claimant was not entitled." Although Edmunds' Order stated that Hendrickson was indebted to the Government in the amount of $ 20,380.00 as a result of her false tax returns, Hendrickson says it was error to use 2T1.1(c)(4); instead, the Court should have used 2T1.1(c)(2), which says "if the offense involved failure to file a tax return, the tax loss is the amount of tax that the taxpayer owed and did not pay."

The Court did not erroneously calculate Hendrickson's sentencing guidelines. Hendrickson forgets that this is not a simple failure to file case. This is a contempt conviction stemming from her violation of an order that enjoined her from filing false tax returns and which stated that Hendrickson was indebted to the Government in the amount of $ 20,380.00. The application notes for 2T1.1 says "[i]n determining the tax loss attributable to the offense, the court should use as many methods set forth in subsection (c) and this commentary as are necessary given the circumstances of the particular case." Moreover, 2T1.1 Note (A) says, "[i]f the offense involved failure to file a tax return, the tax loss shall be treated as equal to 20% of the gross income less any tax withheld or otherwise paid, *unless a more accurate determination of the tax loss can be made.*" (emphasis added)*.*

The application note of 2T1.1 and 2T1.1 Note (A) instructed the Court to look at Edmund's Order for guidance in determining the tax loss because the Order provided the most accurate determination of tax loss. Edmunds' Order said Hendrickson's conduct of filing false tax returns resulted in a tax loss of $ 20,380.00. Thus, it was appropriate for the Court to use this figure to determine Hendrickson's sentence.

**V.    CONCLUSION**

Hendrickson fails to establish a substantial question of law or fact warranting bond pending appeal. Her Motion for Release Pending Appeal is **DENIED**.

**IT IS ORDERED**.


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 10, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 10, 2015.

s/Linda Vertriest
Deputy Clerk