UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DOREEN M. HENDRICKSON,

    Defendant.
_____/

Criminal Action No.: 13-20371
Honorable Victoria A. Roberts

### GOVERNMENT'S MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT'S SUPERVISED RELEASE SHOULD NOT BE REVOKED

The United States of America, by and through undersigned counsel, moves the Court for an order requiring Doreen Hendrickson to appear before this Court on or before September 2, 2017, then to show cause, if there may be, why her supervised release should not be revoked.

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

**ISSUES**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATEMENT OF MOST APPROPRIATE AUTHORITY**. . . . . . . . . . . . . 3

**BACKGROUND**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5-7

  **I.**   **DEFENDANT'S NONCOMPLIANCE WITH THE CONDITIONS OF SUPERVISED RELEASE WARRANTS A REVOCATION HEARING**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5-6

  **II.**  **THE COURT HAS JURISDICTION TO CONDUCT A REVOCATION HEARING AND IMPOSE A SENTENCE OF IMPRISONMENT AS LONG AS A SUMMONS IS ISSUED PRIOR TO SEPTEMBER 2, 2017**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

**CERTIFICATE OF SERVICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# TABLE OF AUTHORITIES

United States v. Cobbs, 436 F. Supp.2d 860 (E.D. Mich. 2006) . . . . . . . . . . . . . 7

United States v. Garrett, 253 F.3d 443 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . 7

United States v. Madden, 515 F.3d 601 (6th Cir. 2008). . . . . . . . . . . . . . . . . . . 7

United States v. Ramos, 401 F.3d 111 (2d Cir. 2005). . . . . . . . . . . . . . . . . . . . .7

18 U.S.C. § 3553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3583. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .passim

Federal Judicial Center Benchbook for U.S. District Court Judges (6th ed. March 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## ISSUES

1. Whether the defendant's supervised release should be revoked.

2. Whether the Court has jurisdiction to revoke supervised release.

## STATEMENT OF MOST APPROPRIATE AUTHORITY

The most appropriate authority for Issue #1 is 18 U.S.C. § 3583(i). The most appropriate authority for Issue #2 is 18 U.S.C. § 3583(e)(3).

## BACKGROUND

On July 25, 2014, a jury convicted Doreen Hendrickson of criminal contempt for violating an injunction issued by U.S. District Judge Nancy Edmunds on May 2, 2007. The injunction required her to, among other things, file amended income tax returns for the years 2002 and 2003. The evidence at trial demonstrated that the defendant persistently refused to submit amended returns that could be processed by the IRS. Instead, she submitted two sets of purported amended returns, one of which contained an altered jurat and one of which had an attached affidavit in which the defendant disavowed the contents of the returns.

On April 9, 2015, this Court sentenced the defendant to 18 months in prison followed by one year of supervised release. As a condition of supervised release, the defendant was required to:

> fully cooperate with the IRS by filing all delinquent or amended returns within 60 days of the release on supervision and to timely file all future returns that come due during the term of supervised release. On these returns defendant shall not alter the jurats, add disclaimers, or otherwise make it impossible for the IRS to properly process them and they cannot be based on any theory contained in Cracking the Code.

Judgment (Doc. #126) at 4. The Sixth Circuit affirmed the defendant's conviction and sentence on March 3, 2016. (Doc. #143).

The defendant served her term of incarceration and was released from custody on or about September 2, 2016. Accordingly, per the Court's Judgment, she was required to file her amended 2002 and 2003 returns on or before November 1, 2016. On September 14, 2016, the defendant filed a Motion to Modify the Conditions of Supervised Release in which she asked this Court to remove the condition of supervised release that required her to file amended returns. (Doc. #149). On March 23, 2017, the Court denied the defendant's motion. (Doc. #157).

The defendant's supervised release will end on September 2, 2017. As of this week, the defendant has not filed amended tax returns for 2002 and 2003 in compliance with the Court's Judgment.

# ARGUMENT

## I. DEFENDANT'S NONCOMPLIANCE WITH THE CONDITIONS OF SUPERVISED RELEASE WARRANTS A REVOCATION HEARING

A Court may order a revocation hearing whenever a person on supervised release fails to abide by the conditions of supervision. See 18 U.S.C. § 3583(e)(3); see also FEDERAL JUDICIAL CENTER, BENCHBOOK FOR U.S. DISTRICT COURT JUDGES 139 (6th ed. March 2013). The revocation of supervised release "may be initiated by the court or at the request of the probation office or the office of the U.S. attorney." Id.[1] After considering the statutory sentencing factors in 18 U.S.C. § 3553(a) the court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for the time previously served on post release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release.

18 U.S.C. § 3583(e)(3).

---

[1] On January 12, 2017, undersigned counsel for the government sent an e-mail to the United States Probation Office to apprise the assigned probation officer that "the IRS had no record of receiving amended 2002 and 2003 income tax returns from" the defendant. Exh. A, E-mail from Siskind to Hampstead dated 1/12/17. The e-mail was forwarded to Natalie Karpac, the probation officer assigned to supervise the defendant. Id. To date, Probation Officer Karpac has not filed a revocation petition. Accordingly, the government has filed the instant motion to initiate revocation proceedings.

At a revocation hearing, the government intends to demonstrate, by a preponderance of the evidence, that the defendant has not complied with the terms of supervised release. The government anticipates that IRS Special Agent Lance Lockhart will testify that he searched IRS records and determined that the defendant has not filed amended tax returns for 2002 and 2003 as required by the terms of her supervised release.[2]

## II. THE COURT HAS JURISDICTION TO CONDUCT A REVOCATION HEARING AND IMPOSE A SENTENCE OF IMPRISONMENT AS LONG AS A SUMMONS IS ISSUED PRIOR TO SEPTEMBER 2, 2017

A court has jurisdiction to revoke supervised release if there is a violation during the term. See 18 U.S.C. § 3583(e)(3). The revocation hearing may occur after the term of supervised release expires if "(1) a violation warrant or summons

---

[2] By email dated January 13, 2017, Probation Officer Karpac advised undersigned counsel for the government that she spoke with an IRS employee who "stated that 'something' was filed by the Hendricksons in May 2014" and that document "may have been a proper amendment." Exh. A, E-mail from Karpac to Siskind dated 1/13/17. Based on subsequent research conducted by Special Agent Lockhart, there is no evidence that the document filed in May 2014 was a set of amended 2002 and 2003 income tax returns. Additionally, May 2014 predates the trial and sentencing in this case. If the defendant had filed the required amended returns at that time, she undoubtedly would have raised that as a defense at trial or as a mitigating fact at sentencing. Moreover, it would not have been necessary for her to file a motion to modify the conditions of her supervised release to remove the requirement to file amended returns if she had already complied with that condition. Accordingly, although the government is not certain about the nature of the document filed in May 2014, the government is confident that it was not a set of amended tax returns for 2002 and 2003.

6

was issued before the term expired; and (2) the delay between the end of the term of supervised release and the district court's revocation order is 'reasonably necessary for the adjudication of matters arising before [the term's] expiration.'" United States v. Madden, 515 F.3d 601, 605 (6th Cir. 2008) (citing United States v. Garrett, 253 F.3d 443, 446 (9th Cir. 2001) (alterations in original)). Section 3583(i)'s "reasonably necessary" requirement is a "relatively elastic concept" which requires "the same reasonableness with respect to the legitimate interests of the defendant and the government." United States v. Cobbs, 436 F. Supp.2d 860, 864 (E.D. Mich. 2006) (citing United States v. Ramos, 401 F.3d 111, 118 (2d Cir. 2005)).

Accordingly, to retain jurisdiction to revoke supervised release, the Court must issue a summons before the defendant's term of supervised release expires on September 2, 2017, and hold a revocation hearing either before that date or within a reasonable time thereafter.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the court issue a summons prior to September 2, 2017 compelling the defendant to appear before this Court to show cause why her supervised release should not be revoked.[3]

Respectfully submitted,

DANIELD L. LEMISCH
ACTING UNITED STATES
ATTORNEY

By:   <u>s/ Melissa S. Siskind</u>
DC Bar #984681
Tax Division Trial Attorney
P.O. Box 972, Ben Franklin Station
Washington, DC 20044
Phone: 202-305-4144
E-Mail: melissa.s.siskind@usdoj.gov

Dated: August 4, 2017

---

[3] Pursuant to Local Rule 7.1, undersigned counsel for the government contacted the defendant, who represented she does not concur with the instant motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and sent it via electronic mail to pro se defendant Doreen Hendrickson.

Respectfully submitted,

DANIELD L. LEMISCH
ACTING UNITED STATES
ATTORNEY

By: s/ Melissa S. Siskind
DC Bar #984681
Tax Division Trial Attorney
P.O. Box 972, Ben Franklin Station
Washington, DC 20044
Phone: 202-305-4144
E-Mail: melissa.s.siskind@usdoj.gov

Dated: August 4, 2017