UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

     Criminal Action No.: 13-20371
     Honorable Victoria A. Roberts

DOREEN M. HENDRICKSON,

     Defendant.

_____

## GOVERNMENT'S MOTION FOR WARNING TO DEFENDANT REGARDING POTENTIAL CHARACTERIZATION OF MOTION AS GOVERNED BY SECTION 2255

The United States of America, by and through undersigned counsel, submits the following motion to request that the Court issue an order warning the *pro se* defendant regarding the possible consequences if her Motion for the Stay of Execution of Sentence, The Vacating of Her Conviction and Other Relief (Doc. # 169) is characterized by the Court as within the parameters of 28 U.S.C. § 2255.

Under 28 U.S.C. § 2255, a federal prisoner seeking release on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a).  Crucially, "[a]ny motion filed in the district court that

1

imposed the sentence, and substantively within the scope of § 2255 . . . is a motion under § 2255, no matter what title the prisoner plasters on the cover." United States v. Melton, 359 F.3d 855, 857 (7th Cir. 2004).

Although the defendant's motion does not mention § 2255, its substance challenges her conviction and seeks a stay of the execution of her sentence "due to the Court's lack of jurisdiction throughout all proceedings."  Doc. # 169 at 1. Accordingly, the motion falls within the parameters of § 2255 because it claims that "the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a).

Before construing this *pro se* defendant's filing as one seeking relief under § 2255, the Court should provide the defendant with an opportunity to withdraw or amend it.  Under the Supreme Court case of Castro v. United States, "the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." 540 U.S. 375, 377 (2003). See also, In re Shelton, 295 F.3d 620 (6th Cir. 2002) (district court must first give *pro se* petitioner notice that a motion may be recharacterized as a § 2255 motion).

As noted in Castro, "by recharacterizing as a first § 2255 motion a *pro se* litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion." 540 U.S. 382.  Accordingly, if the defendant wishes to proceed on the claim she filed on October 10, 2017, then she should be given notice that a potential recharacterization of her filing as a motion under § 2255 means that any additional motions of this type will be subjected to the restrictions on subsequent or successive § 2255 motions.

For the foregoing reasons, the government respectfully requests that the Court issue an order warning the defendant as follows: (1) her filing at Doc. #169 may be recharacterized as a § 2255 motion; (2) if she wishes to proceed, then such recharacterization of her filing as a § 2255 motion means that any subsequent § 2255 motion will be subjected to the restrictions on subsequent or successive § 2255 motions; and (3) if she fails to include all of her claims in an initial § 2255 motion, she may lose any other claims if she tries to assert them later as subsequent or successive § 2255 motions.

The government also respectfully requests that the Court order that the defendant has an opportunity to withdraw her filing of October 10, 2017, or to amend it, so that it contains all of the claims that she believes that she has.

If the Court issues an order along the lines requested by the government, the government also respectfully requests that the defendant be given a short deadline to notify the Court as to whether she will seek to withdraw or amend her filing of October 10, 2017.  A timely response by the defendant under such a deadline will inform the government's response currently due October 24, 2017.


Dated: October 12, 2017                Respectfully submitted,

                                       UNITED STATES OF AMERICA
                                       DANIEL L. LEMISCH
                                       Acting United States Attorney

                                       By: /s/ Jeffrey McLellan
                                       JEFFREY A. MCLELLAN
                                       Trial Attorney
                                       U.S. Department of Justice
                                       Tax Division
                                       P.O. Box 972
                                       Washington, DC 20044
                                       Telephone: (202) 514-5181
                                       Jeffrey.A.McLellan@usdoj.gov
                                       Fax: (202) 514-8455

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system and sent it by email to *pro se* defendant Doreen Hendrickson.

<u>/s/ Jeffrey A. McLellan</u>
Trial Attorney, Tax Division
U.S. Department of Justice

5