UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

DOREEN HENDRICKSON,

    Defendant.
_____/

Case No. 13-20371

Honorable Victoria A. Roberts

## ORDER

Doreen Hendrickson ("Hendrickson") filed a *pro se* "Motion for the Stay of Execution of Sentence, the Vacating of Her Conviction, and Other Relief," ("Motion") on October 10, 2017. [Doc. # 169]. She requests that the Court vacate her conviction because the Court had no authority to preside over proceedings compelling Hendrickson to file false tax returns. She relies on Federal Rules of Civil Procedure 60(b)(4) and (6).

The Court issued a notice of its ability to construe Hendrickson's Motion as one under 28 U.S.C. § 2255. The Court warned Hendrickson that she had until November 3, 2017 to either withdraw her Motion or file an amended motion under § 2255. [Doc. # 175]. Hendrickson did not exercise the options given to her. The Court then issued a notice that it would construe her Motion as one under § 2255. [Doc. # 176].

The Motion has been fully briefed. Hendrickson's request for a stay is **MOOT**. The balance of her motion is **DENIED**.

1

## I. Introduction

In 2014, Hendrickson was tried and convicted of criminal contempt under 18 U.S.C. § 401(3) for failing to comply with an injunctive order entered by Judge Nancy Edmunds. Judge Edmunds' order required Hendrickson – who falsely believes that only government employees are subject to tax withholdings – to file corrected tax returns for years 2002 and 2003, and to include a true account of Hendrickson's gross income. Hendrickson was also ordered to refrain from filing false tax returns in the future. Hendrickson failed to abide by Judge Edmunds' order, and the Government charged her with criminal contempt. As a result of Hendrickson's conviction in this Court, Hendrickson was sentenced on April 9, 2015 to eighteen months imprisonment, followed by one year of supervised release. One condition of her release was to file all delinquent or amended tax returns.

Hendrickson filed two motions. In both, she asked the Court to modify conditions of her supervised release. The Court denied both motions. On September 8, 2017, the Court sentenced Hendrickson to four months imprisonment for violating the conditions of her release; she failed to file 2002 and 2003 amended tax returns.

Hendrickson now claims that by compelling her to file amended tax returns for 2002 and 2003, the Court and the Government violated 26 U.S.C. § 7206, which criminalizes any effort to procure tax returns that the signer does not believe to be true. Hendrickson says the Court acted criminally by ordering the returns and in doing so, this so called criminal conduct by the Court deprived it of jurisdiction over Hendrickson's case. The Government argues that Hendrickson's claim is procedurally barred and meritless.

## II. Legal Standard

A federal custodial sentence may be vacated, set aside or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

## III. Analysis

### A. Hendrickson's Claim Is Not Procedurally Defaulted

The Government concedes in its Response that Hendrickson's post-conviction claim that the Court lacks jurisdiction falls within the scope of § 2255. However, according to the Government, Hendrickson's jurisdictional claim is procedurally barred because she waived it by not raising it on direct appeal. In her "Reply To The Purported Government Opposition To Her Motion To Vacate And Other Relief" ("Reply") [Doc. # 181], Hendrickson argues that jurisdictional claims can be raised at any time and are never waived.

Hendrickson is correct; subject matter jurisdiction, which "involves [the Court's] power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Even if, as the Government claims, "[Hendrickson] did not challenge subject-matter jurisdiction on appeal, this claim is not procedurally defaulted because claims challenging subject-matter jurisdiction can never be waived." *Lewis v. United States*, 2013 U.S. Dist. LEXIS 84925, *11 (W.D. Mich. Jun. 18, 2013). Thus, the Court can address the merits of Hendrickson's jurisdictional challenge.

## B. Hendrickson's Jurisdictional Challenges Are Without Merit

Hendrickson claims that the amended tax returns she was ordered to file contain false content dictated by the Government. The amended returns would have to be submitted under the penalty of perjury. Under the terms of 26 U.S.C. § 7206(2), according to Hendrickson, any effort to procure tax returns containing terms which the signer does not believe to be true is a felony.

Hendrickson claims that it was a felony for Judge Edmunds to order her to file false tax returns, and for this Court to enforce the condition of her supervised release requiring her to file false tax returns. Hendrickson argues that Judge Edmunds and this Court are without jurisdiction since a court does not have jurisdiction to issue an illegal order.

Hendrickson's argument concerning Judge Edmunds' lack of jurisdiction to order her to file amended tax returns fails. This Court observed in a previous attack on Judge Edmunds' order, that Judge Edmunds was not ordering Hendrickson to file false tax returns, but to obey the law. [Doc. # 135, Pg. 2]. An "order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Judge Edmunds' order reached the Sixth Circuit several times, and has not been deemed unlawful by any court. Judge Edmunds had jurisdiction to order Hendrickson to file amended tax returns, and Hendrickson had a duty to abide by the order.

4

Moreover, Hendrickson has not cited a single case supporting her proposition that a court cannot order a party to file tax returns. Nor has she cited any case supporting her argument that the court commits a felony when it orders a party to file tax returns, despite that party's belief that she is exempt from filing. In fact, such orders have been upheld. In *In re Ferris*, the debtors failed to comply with a Bankruptcy Court's order to file tax returns because they believed, *inter alia*, that they were exempt from filing as members of a religious group. *In re Ferris*, 30 B.R. 746, 747-48 (Bkrtcy., N.D. Ohio Jun. 17, 1983). The court noted that "tax courts have consistently held that a person who seeks to assert an exemption from taxation, has the burden to prove that he has such a right." *Id.* at 749. The debtors did not meet this burden, and the court held that the debtors failed to follow the court's order. *Id.* at 750. Similarly, Hendrickson has offered no viable support for her claim that she is exempt from filing amended tax returns as required.

Further, Hendrickson's argument that this Court has no jurisdiction to enforce Judge Edmunds' order fails. "The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. § 3231, which grants the district courts of the United States original jurisdiction of all offenses against the laws of the United States." *McMillan v. Pearson*, 2007 U.S. Dist. LEXIS 41289, *8 (W.D. Tenn. Jun. 5, 2007) (internal citations and quotations omitted). Hendrickson was found guilty of criminal contempt, in violation of 18 U.S.C. § 401(3), an offense against the United States. The Court had jurisdiction to preside over the proceedings and to sentence Hendrickson for criminally failing to file amended tax returns, in violation of a condition of her supervised release.

## IV. Conclusion

Hendrickson's Motion is yet another in a series of never-ending attempts to not file tax returns. Again, the Court is not persuaded by her arguments. Hendrickson fails to demonstrate that the Court was without jurisdiction to impose sentence on her and enforce conditions of supervised release.

Hendrickson's motion to vacate her sentence is **DENIED**. Hendrickson's request for a stay of the execution of her sentence is **MOOT**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 16, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Doreen Hendrickson by electronic means or U.S. Mail on January 16, 2018.

s/Linda Vertriest
Deputy Clerk