UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                    Case No: 13-20371

v                                                                    Hon. Victoria A. Roberts

DOREEN HENDRICKSON,

    Defendant.
_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY FOR ORDER DENYING MOTION FOR STAY OF EXECUTION OF SENTENCE (Doc. # 182)

On January 16, 2018, this Court issued an order ("Order") (Doc. # 182) denying Doreen Hendrickson's ("Hendrickson") motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. (Doc. # 169). For the reasons stated below, a certificate of appealability is **DENIED**

### I.    LEGAL STANDARD

Hendrickson may not proceed on appeal unless she first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. Proc. 22(b). Such a certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition or motion to vacate sentence "should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal citations and quotations omitted). When a district court

1

rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.*

## II. ANALYSIS

Hendrickson was tried and convicted of criminal contempt under 18 U.S.C. § 401(3) for failing to comply with an injunctive order entered by Judge Nancy Edmunds. The Court sentenced Hendrickson to eighteen months imprisonment, followed by one year of supervised release. One condition of her release was to file all delinquent or amended tax returns. She subsequently failed to file these returns, so the Court sentenced Hendrickson to four months imprisonment for violating the conditions of her release.

Hendrickson filed a motion to vacate her sentence, arguing that the Court acted criminally by ordering her to file amended tax returns and in doing so, was deprived of jurisdiction over Hendrickson's case. The Court denied this motion on its merits, finding that no court had ruled it unlawful for Judge Edmunds to order Hendrickson to file amended returns, and that it had jurisdiction over Hendrickson's criminal proceedings stemming from her failure to comply with the conditions of her supervised release.

A court may not issue certificate of appealability unless "the [petitioner] has made a substantial showing of the denial of a constitutional right." *Cooey v. Coyle*, 289 F.3d 882, 887 (6th Cir. 2002) (internal citations and quotations omitted). For the reasons stated in the Court's Order, the Court will deny Hendrickson a certificate of appealability.

She has failed to make a substantial showing that she was deprived of any constitutional rights.

### III.    CONCLUSION

As the Court noted it its Order, Hendrickson's motion was another attempt to evade her legal duties to file tax returns. Hendrickson is not entitled to a certificate of appealability, because the issues presented in her § 2255 motion are not debatable amongst jurists of reason, courts would not resolve these issues differently, and the questions presented do not deserve encouragement to proceed further. *See Carter v. United States,* 160 F. Supp. 2d 805, 816 (E.D. Mich. 2001).

The Court **DENIES** Hendrickson a certificate of appealability.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 24, 2018

The undersigned certifies that a copy of this document was served on the attorneys of record and Doreen Hendrickson by electronic means or U.S. Mail on January 24, 2018.

s/Linda Vertriest
Deputy Clerk